THE CHICAGO CITY RAILWAY COMPANY .

*v.*

HERMINA LOOMIS.

*Opinion filed February 18, 1903.*

1. TRIAL—*legal effect of motion at close of plaintiff's evidence and at close of all the evidence is the same.* A motion to take a case from the jury, either at the close of the plaintiff's evidence or at the close of all the evidence, presents the naked legal question whether there is any evidence in the record tending to support plaintiff's case, and it is never a question of the weight of testimony.

2. SAME—*when case against street railway should go to jury.* A case against a street railway for not giving warning of the approach of the car to the crossing where plaintiff was struck should go to the jury if there is a conflict in the evidence on the question of such warning.

*Chicago City Railway Co.* v. *Loomis,* 102 Ill. App. 326, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD P. VAIL, Judge, presiding.

WILLIAM J. HYNES, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

JOHN F. WATERS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action to recover for a personal injury alleged to have been sustained by appellee on the 16th day of November, 1894, by being struck by one of appellant's cable trains near the crossing of State and Van-Buren streets, in Chicago, through the negligence of its employees. The negligence charged is, that the cable train by which she was struck was run over the crossing on which she was injured, without giving warning of its approach. The verdict was for $1000, and judgment was rendered thereon, which has been affirmed by the Appel-

late Court for the First District, from which court the case is brought here on further appeal.

The sole error urged here is, that the court refused to instruct the jury, at the close of all the evidence, to find a verdict for the defendant, as requested by it. Counsel for appellant say the question to be determined by this court is, is the evidence, both for appellant and appellee, with all the inferences which the jury might justifiably draw therefrom, sufficient to support their verdict. Counsel are in error in thus assuming that this court will review the evidence to determine its weight. In their argument it is contended that there is a difference, in law, between a motion to instruct the jury, at the close of plaintiff's testimony, to return a verdict, and a similar motion made at the close of all the evidence in the case; that in the first instance the only question raised and which can be considered by this court is whether or not there was at that stage of the case evidence tending to prove the averments of the plaintiff's declaration, but that where the instruction is asked at the close of all the evidence the question is whether or not the evidence, both for the plaintiff and defendant, with all the inferences which the jury were justified in drawing from it, is sufficient to support the verdict. This supposed distinction was urged in *Chicago City Railway Co.* v. *Martensen,* 198 Ill. 511, but it was there held that a motion to take a case from the jury, either at the close of plaintiff's evidence or at the close of all the evidence, presents the naked legal question whether or not there is any evidence in the record fairly tending to support the plaintiff's cause of action, and it is never a question of the weight of the testimony. Deciding this case by that well established rule, upon examining the record we find there was evidence fairly tending to support the plaintiff's cause of action. Appellee testified that in attempting to cross the tracks she heard no warning given of the approach of the car, and that she could have heard it

had one been given.    Others say they heard no warning given.    There was clearly a conflict in the evidence on that subject, and it has been determined in favor of the appellee by the jury and Appellate Court.    By that determination we are bound.

The judgment below is affirmed.

*Judgment affirmed.*