### Illinois Central R. R. Co. v. Charles Smith.

1.  EXPERT TESTIMONY—*when competent.*   It is competent for a physician, after an examination of an injured part, to state how or by what the injury was caused.

2.  PEREMPTORY INSTRUCTION—*what considered upon motion for.*   A motion to direct a verdict presents only the naked legal question as to whether or not there was any evidence tending to prove the plaintiff's cause of action; the question of the weight of the evidence is not involved.

3.  CREDIBILITY OF WITNESSES—*instructions upon.*   An instruction is not improper which tells the jury that they are the judges of the credit that ought to be given to the testimony of the different witnesses.

4.  INSTRUCTIONS—*when may conclude with a direction to find a particular verdict.*   An instruction may properly recite the allegations of the declaration and tell the jury that if they find that such facts have been established by a preponderance of the evidence the plaintiff is entitled to recover, without referring to the contentions of the defense, where such defense merely tended to disprove the affirmative facts relied upon by the plaintiff.

Action on the case for personal injuries.   Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK. Judge. presiding.   Heard in this court at the May term, 1903.   Affirmed.   Opinion filed November 9, 1903.

J. S. WOLFE, for appellant;  J. G. DRENNAN, of counsel.

RAY & DOBBINS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by appellee against appel-

lant, for the recovery of damages resulting from an injury
sustained by him, through the alleged negligence of appel-
lant company, while he was in its employ as a section hand.

The first trial resulted in a verdict and judgment for
plaintiff for $2,750. On motion of the defendant a new
trial was granted, and a second trial had, resulting in a
verdict and judgment for plaintiff for $3,000, from which
an appeal is prayed by defendant. At the close of plaint-
iff's evidence, and again at the close of all the evidence, per-
emptory instructions were offered by the defendant, direct-
ing a verdict in its favor, both of which instructions were
refused.

The amended declaration, upon which the cause was
tried, alleges, in substance, that plaintiff was an employe
of defendant, a railroad company, and engaged as a section
hand to assist in unloading " gondola" cars then being used
in distributing ballast along defendant's track; that it was
necessary for the plaintiff, in the performance of his work,
to climb over cars while in motion; that it was the duty of
defendant to provide safe cars and keep them in repair, etc.;
that defendant, not regarding its duty, etc., did provide
for plaintiff, in the performance of his duty, a certain gon-
dola car which was out of repair and dangerous for use, in
that the bumpers, the platform at the end thereof, and
the coupling thereon were mashed, splintered and broken,
and a certain piece of wood known as the "dead-wood,"
which was necessary thereon and which was customarily
and usually placed thereon, and which together with the
platform thereon was usually and customarily used by em-
ployes in said line of employment as a stepping place in
climbing between said cars, was off and entirely gone from
said car, and said platform was so injured by the said con-
dition as that a notch had been dug or ground into the
same through the first board thereon; that the said car had
been in such condition for such a period of time that it be-
came and was the duty of defendant to have inspected the
same and have known its condition; that while plaintiff, in
the performance of his duty, and in the exercise of ordi-

nary care, was standing upon the end of said car, the same was violently jerked in such a manner that it became necessary for plaintiff, in the exercise of proper care, etc., to step upon the "dead-wood;" that plaintiff placed his foot in a position upon said "dead-wood" to prevent himself from falling, and that his right foot was, without negligence on his part, thrust into the coupling machinery of said car and crushed, etc.

The undisputed facts are as follows: On May 3, 1902, appellee was employed by appellant as a section hand between the stations of Hayes and Pesotum. The gang in which he worked was engaged in unloading ballast from a train of eleven cars which was headed south. Appellee, with one Garretson, was engaged in dumping the ballast cars, which necessitated getting upon the platforms at either end and working a lever. After they had dumped several of the cars, appellee got up to unload another car, and while he was on the platform the train was violently jarred by the shutting down of the locomotive, and in some way his left foot was caught in such a manner as to crush a hole through the bottom, just back of the toes. The toes were neither mashed nor flattened nor torn loose. The foot was also twisted so that the sole was turned inward. He was then taken from the car to a hospital, where his toes were amputated.

The conflict in the evidence is in regard to where appellee was at the time he received the injury, the exact manner in which he received it, and the condition of the car upon which he was injured.

Appellee testified that when the jar occurred he was on the platform of the car they had just unloaded, and was in the act of stepping across to the platform of the adjoining car to operate its levers; that he was thrown backward by the jar, and to prevent falling, caught hold of the brake wheel on the car he was facing, and threw one foot back to the car he had just left; that in the platform of this car, over the draw-bar and coupling machinery and just back of where the "dead-wood" should be, there was a hole mashed

through the planks and a part of the sill supporting them; that his foot went through this hole and down upon the draw-bar beneath the platform.

The evidence showed that where the draw-bar passes under the dead-wood it is square; that underneath it changes to a round shape, which leaves four sharp corners of the square portion projecting. Appellee testified that this projection crushed his foot against the rough, broken wood, and caused the injury.

Three of appellant's witnesses testified that they reached appellee before his foot was released from the place it was caught, and that his foot was not in a hole in the platform, but was caught between the tip of the draw-bar and the floor of the dead-wood. Five of appellant's employes testified that they examined the car on which appellee was injured, immediately after the injury occurred, and that the dead-wood was intact and there was no hole in the platform. Two of appellant's witnesses testified that they looked over the train on the morning of the day of the accident, and found no defects in any of the cars; that the dead-woods and platforms were all in good repair.

Drs. Hoffman and Matheney, both of whom had examined and treated plaintiff shortly after the accident, testified, over the objection of appellant, that in their opinion the injury to plaintiff's foot was caused by contact with an uneven surface, and that it could not have been inflicted by a flat or even surface. The admission of this testimony is assigned as error. We perceive no objection to this evidence. If, from an examination, the physicians were able to tell how the injury was caused or what caused it, their evidence was competent, in connection with the other evidence. Village v. Rowe, 166 Ill. 114.

In Cannon v. People, 141 Ill. 270, cited by appellant, the court says:

"Whether the wound could have been produced by a particular weapon or in a particular way, judging from its nature, character and extent, was a question upon which the witness, if an expert, might be called upon to give an opinion."

It is contended that the court should have given the peremptory instruction directing a verdict for the defendant, for the reason that plaintiff's evidence, standing alone, did not authorize a verdict. Appellant insists that there was no evidence tending to show that it had notice of any defect in the platform of the car, or that it ought to have had notice thereof. During his examination appellee was asked the following question: "What was the condition of that sill and the wood when you found it torn loose or broken into, with reference to being weather worn?" To which he replied: "It seemed like it had been weather beaten for two or three months." A motion to direct a verdict presents only the naked legal question whether or not there was any evidence in the record fairly tending to prove the plaintiff's cause of action, and never raises the question of the weight of the testimony. Ry. Co. v. Loomis, 201 Ill. 118.

If the defect presented the appearance described by appellee, his evidence fairly tended to prove that the defect, if any, had existed for such length of time that appellant would, by the exercise of due care, have known of its existence.

The peremptory instructions were properly refused.

Plaintiff's third given instruction was as follows:

" The jury are instructed that they are the judges of the credit that ought to be given to the testimony of the different witnesses."

The giving of this instruction is assigned as error.

In R. R. Co. v. Fisher, 141 Ill. 614, the jury were instructed that they were the sole judges of the credibility of the witnesses, and of the weight to be given to the testimony of each and all of them. It was urged in argument that it was not true, either in law or in fact, that a jury are such sole judges. In its opinion the court says :

" There is no doubt but that, under the practice that obtains in this state, both the trial court and a court with appellate jurisdiction are invested with authority to set aside verdicts of juries, on the ground that they are against the weight of the evidence; but it is nevertheless true that for all purposes of a jury trial, the jury is the sole judge of the credibility of witnesses and of the weight of evidence."

In neither of the cases cited by counsel for appellant in support of their contention, was the instruction therein condemned sufficiently similar to the one here in question to make the views of the court in such cases applicable to the instruction under consideration. When read together with defendant's, upon the same point, as it should be, it was not calculated to mislead the jury, and the giving of the same was therefore not error.

What we have already said as to notice by appellant of the defect, we think sufficiently answers appellant's first criticism of the first instruction given for plaintiff. It is further urged, however, that the instruction gives simply the plaintiff's contention as to the facts, and utterly ignores the defendant's evidence. The instruction does not conclude by directing a verdict, but, in effect, specifically recites the allegations of the declaration, and tells the jury that if they had been established by a preponderance of the evidence, the plaintiff was entitled to recover. The evidence of the defendant did not tend to establish any affirmative facts in defense, but tended simply to disprove the averments of the declaration, and not to avoid them.

It is not necessary in an instruction to negative matter of mere defense. Coal Co. v. Rodemacher, 110 Ill. 538.

There was no error in the giving of the instruction.

Appellant complains of the refusal of several instructions offered by it. We have carefully examined the same, and are of the opinion that there was no error in the ruling of the court thereon.

Appellant contends that the verdict was against the weight of the evidence. The evidence as to the existence of the alleged defect and the manner and place in which he was injured, is exceedingly close and conflicting. While the testimony of appellee is somewhat contradictory and inconsistent in regard to several unimportant details, we are convinced, upon a careful examination of the record, that the jury were warranted in finding that his version of the accident was true. While he is contradicted by a number of witnesses upon the question as to whether the al-

leged defect actually existed, and the manner and place his foot was caught, he is corroborated by the nature and character of his wound, and the testimony of his physicians. It seems to us improbable that an injury of the description and character detailed by the physicians could have been inflicted by the crushing of his foot between the lip of the draw-bar and the "dead-wood," as contended by appellant. The evidence tends to show that the car upon which the defective platform is alleged to have existed, was that represented by the photograph marked "Defts. Exhibit A," and appellee's contention that its platform appears to have been recently repaired is not unreasonable. No one could know as well as appellee what caused the injury, nor better than he, the condition of the car, and if his testimony is worthy of belief, he is entitled to recover. The credibility of the witnesses was for the jury to determine, and in the absence of anything in the record tending to show that it was actuated by passion or prejudice, we are not disposed to disturb its findings.

There being no reversible error in the record, the judgment will be affirmed.

*Affirmed.*