THE MISSOURI MALLEABLE IRON COMPANY

*v.*

JOHN T. DILLON.

*Opinion filed December 16, 1903.*

| 206 | 145 |
| 112a | 1418 |
| 206 | 145 |
| 113a | 148 |
| 113a | 4291 |
| 206 | 145 |
| 215 | 1290 |
| 115a | 5198 |

1. TRIAL—*a motion to instruct for defendant admits truth of opposing evidence.* A motion to instruct the jury to find for the defendant admits the truth of all opposing evidence and all fair inferences therefrom, and it should be denied if there is evidence tending to establish the plaintiff's case.

2. MASTER AND SERVANT—*master's duty in providing place to work.* The master must use reasonable care to furnish his servants with a reasonably safe place in which to work, and he is liable for negligent performance of such duty, whether he undertakes its performance personally or through another.

3. SAME—*actual notice to master of a defect is not essential.* Actual knowledge by the master of the defective condition of the place furnished for the servant to work is not essential to the master's liability, if the circumstances are such that he ought to have had such knowledge.

4. SAME—*master liable for joint negligence of himself and fellow-servant.* The master is liable for an injury caused by the combined negligence of himself and a fellow-servant of the injured party.

5. FELLOW-SERVANTS—*when question of relation of fellow-servants is for the jury.* The question of the existence of the relation of fellow-servants is one of fact for the jury, where the evidence upon the subject is conflicting.

6. PROXIMATE CAUSE—*the question of proximate cause is for the jury.* Whether the proximate cause of plaintiff's injury was the negligence of the master is a question of fact for the jury.

*Missouri Malleable Iron Co.* v. *Dillon,* 106 Ill. App. 649, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding.

This is an action of trespass on the case, brought to the August term, 1901, of the city court of East St. Louis by appellee against appellant to recover damages for personal injuries, received by appellee, while in the ser-

vice of appellant, by reason of the alleged negligence of the appellant. The appellant filed a plea of not guilty. The case was tried before the court and a jury, and resulted in verdict and judgment in favor of appellee for $1500.00. Upon appeal to the Appellate Court for the Fourth District the judgment was affirmed; and the present appeal is from such judgment of affirmance.

The declaration avers, in substance, that the Missouri Malleable Iron Company is a corporation, operating a large manufacturing plant in East St. Louis, Illinois, in which it manufactures various kinds of castings, and iron and steel products for sale, and, in conducting its business, uses and operates a large building one hundred feet long by one hundred feet wide, containing a room called the "annealing room;" that various kinds of machinery, tools, pots, furnaces and ovens are used in said room; that appellee was employed therein as a laborer and packer, and on February 22, 1900, was so employed by appellant in said annealing room, where the iron castings are taken after being turned out at the foundry, and the packers place the castings in pots in iron dust called "packing," and the pots are placed in hot ovens where they are allowed to remain for a week or more to toughen the iron; that, when the pots are severally taken out, they are put on a long two-wheeled truck, and wheeled to another and distant part of the building, where the pot is taken from the truck and placed on the iron floor and left to cool; that it was the duty of packers to assist in putting pots in the oven, in taking them out, and placing them in position to cool, as stated; that it was the duty of appellant to use ordinary care to see that the floor, on which appellee worked in said building, was properly constructed, in good repair and safe condition for use and travel thereon in said work required of him by appellant, and to see that said truck and machinery and appliances for use therein were properly constructed, in good repair and safe condition for use by the appellee

and his co-servants in performing the work, required of them by the appellant in conducting its business; that appellant negligently failed to exercise ordinary care to see that the floor, on which appellee worked, was properly constructed, and in good repair, and safe condition for appellee to work thereon, but appellant negligently permitted the said floor to be and remain in a defective, broken and unsafe condition, with holes and uneven places therein, and in the surface thereof; that the appellant negligently failed to use ordinary care to see that the said truck and the appliances thereof were properly constructed, in good repair and safe condition for use by the appellee in the performance of his work; that said truck and appliances were defective in construction, out of repair; that the same were defective and unfit for use in said work, in this, that the said truck had no brace, side piece, arm or railing to stay, hold or prevent said red-hot pot or rings thereof from sliding down upon the appellee and his co-workers, who were pushing or pulling the truck with said pot thereon, and injuring them in case a wheel should break or the floor give way under it, which premises the appellant had notice of prior to and on the day aforesaid, or by the exercise of ordinary care would have had notice, and of which the appellee had no notice; that on February 22, 1900, appellee and his co-laborers were, with ordinary care and diligence for their own safety, pushing or pulling the said truck with one of the pots thereon, packed as aforesaid, from the oven to a distant part of the room, to be placed there to cool, and, before reaching said place, one wheel of the said truck, by reason of the negligence of the appellant by furnishing a defective and insufficient floor as aforesaid, ran into a hole in the floor, and in consequence of such negligence, and also in consequence of the negligence of the appellant in furnishing a defective, insufficient and unsafe truck as aforesaid, the top two and a half rings of said red-hot pot, packed with iron castings

as aforesaid, were then and there jerked or thrown off, and fell down on appellee's left arm, and pinioned it to the handle or pole of said truck, and broke or crushed his said arm from the elbow to the hand, and he was so held by the great weight of hot iron on his arm till his fellows with handspikes or poles lifted it off his arm and sent him to the hospital, where he remained five months and suffered much pain of body and mind from said injury; that much of the flesh and muscles of his arm came off, and parts of the bones were crushed and broken and removed by the doctor in charge; that said arm and hand, in consequence of the injury aforesaid, have been wholly disabled, and their strength and usefulness, as an arm and hand for all kinds of labor, have been wholly destroyed, by reason of which the appellee is permanently disabled from performing all kinds of manual labor; that prior to his injury he was a strong, healthy man, earning $9.00 a week; that he is now permanently injured and disabled for life; that he has expended $500.00 for medical treatment, medicines, etc., endeavoring to be cured of his injuries.

The evidence shows that the floor of the annealing room is constructed by first making a bed of concrete about six inches thick; that on top of this, laid in cement, are hard cast-iron plates, three-fourths of an inch thick and about two feet square; that the scales or packing flies all over the room, and covers the floor; that the truck, with which the pots are wheeled, has two wheels twenty inches in diameter with a four-inch face; that the truck has a tongue or pole, by which it is pushed or pulled, twenty feet long; that the prongs of the truck, which project under the pots, are twenty inches long; that from the prongs to the body of the truck the distance is eighteen inches, and from the wheels to the end of the handle or lever is about twenty feet; that a part of appellee's duties was to pack and help build these pots, and to help haul them on the truck to and from the

oven; that the load consisted of boxes of hot castings, resting one upon another to the height of six feet; that these boxes were each about twelve inches high, twenty-one inches long, and eighteen inches wide, and the load of them weighed from two thousand to twenty-five hundred pounds; that "in the construction of the truck there was no railing or other device to prevent the stack of boxes composing the load from toppling over; that the truck, when in operation, was manned by a crew of ten men, five on each side of the tongue or pole to propel and guide the truck.  On the occasion of the injury the men were pushing the truck when one wheel ran into a hole in the floor, and the man steering the truck said 'We've got to get out of here,' and the men all turned and went to pulling out; that appellee was near the wheel, and, when they started to pulling, the stack toppled over and fell on him, and very seriously injured him."

WISE & McNULTY, (R. A. HOLLAND, Jr., of counsel,) for appellant.

FREELS & JOYCE, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

· The evidence tends to prove such allegations in the declaration, set forth in the statement preceding this opinion, as are necessary to a recovery.  No error is assigned by counsel for appellant as to the rulings of the trial court in the admission or exclusion of evidence. One instruction was given by the trial court on behalf of the appellee, the plaintiff below, but no error in this instruction is pointed out by counsel for the appellant in their brief or argument.  The court gave sixteen instructions in behalf of the appellant, as requested by it.  The appellant complains that the court refused, at the close of the evidence, to exclude the evidence from the jury,

and to give to the jury a written instruction, instructing. them to find the defendant not guilty. Appellant also complains that the court refused to give in its behalf two instructions asked by it, numbered, respectively, 17 and 18. The points and objections hereafter discussed grow out of the refusal of the court to give the three instructions, so asked by the appellant.

The refusal of the court. to instruct the jury to find the appellant not guilty, raises the question, whether there is any evidence in the record fairly tending to support appellee's action. (*Chicago City Railway Co.* v. *Loomis,* 201 Ill. 118; *Chicago City Railway Co.* v. *Martensen,* 198 id. 511). Where there is evidence tending to establish a cause of action, the case is one for the determination of the jury, and it is error in such case for the court to instruct the jury to find for the defendant. (*Graver Tank Works* v. *O'Donnell,* 191 Ill. 236; *Illinois Steel Co.* v. *McFadden,* 196 id. 344; *Martin* v. *Chicago and Northwestern Railway Co.* 194 id. 138; *Central Railway Co.* v. *Knowles,* 191 id. 241; *Union Bridge Co.* v. *Teehan,* 190 id. 374; *Hartrich* v. *Hawes,* 202 id. 334). Inasmuch as there is evidence tending to establish the cause of action in this case, it was not error for the court to refuse a peremptory instruction to the jury to find the defendant not guilty. (*Chicago and Alton Railroad Co.* v. *Eaton,* 194 Ill. 441). Where a motion is made to take the case from the jury and to instruct the jury to find for the defendant, the maker of such motion admits the truth of all opposing evidence, and all inferences, which may be fairly and rationally drawn from it. (*Offutt* v. *World's Columbian Exposition,* 175 Ill. 472; *Chicago and Northwestern Railway Co.* v. *Dunleavy,* 129 id. 132; *McGregor* v. *Reid, Murdoch & Co.* 178 id. 464; *Martin* v. *Chicago and Northwestern Railway Co.* 194 id. 138). Where there is evidence, which fairly tends to support the plaintiff's case, it must be submitted to the jury, and the plaintiff is entitled to have his case considered by the jury, if the evidence tends to prove ordinary care on

his part and negligence on the part of the defendant. (*Ide v. Fratcher*, 194 Ill. 552; *National Linseed Oil Co. v. McBlaine*, 164 id. 597; *Chicago and Alton Railroad Co. v. Eaton, supra*).

Counsel for appellant urge various reasons, suggested by the evidence and by the alleged application of the refused instructions to the evidence, why the appellant was not guilty of negligence, and the appellee was not in the exercise of ordinary care for his safety.

It is well settled that the master must use reasonable care to furnish his servants with a reasonably safe place for the performance of their work; and he is liable for the negligent performance of such duty, whether he undertakes its performance personally, or through another person. (*Western Stone Co. v. Muscial*, 196 Ill. 382; *Illinois Steel Co. v. McFadden*, 196 id. 344; *Himrod Coal Co. v. Clark*, 197 id. 514; *Pioneer Construction Co. v. Howell*, 189 id. 123; *Armour v. Golkowska*, 202 id. 144; *City of LaSalle v. Kostka*, 190 id. 130; *Norton v. Volzke*, 158 id. 402). The evidence tends to show that appellee, with other employees of appellant, was pushing the truck over the floor towards the place where the pot, consisting of five and a half rings, or boxes, of hot castings piled one upon the other, was to be set in position and left to cool. The evidence also tends to show that these hot pots, filled with hot iron, weigh from two thousand to twenty-five hundred pounds, and are taken on the truck over this floor. The evidence also tends to show that the corner of one of the cast-iron plates, of which the annealing floor was constructed, said plate being two feet square, had been broken off and removed before appellee was engaged in the work, which resulted in the injury to him, and that there had thereby been left in the floor a hole, into which one of the wheels of the truck ran, while appellee and the others were pushing the truck. It is unnecessary to consider the question whether this hole in the floor was large or small. The hole was large enough to obstruct the progress of the truck, and to cause the pot or pile of

boxes, containing hot castings, to tip or tilt, and it became necessary to get the wheel out of the hole, in order to continue the movement of the truck, with its load, to the place where it was necessary to place it, in order that the castings might be cooled.   It was a part of the duty of the appellee to push the truck over the floor, and, in view of the fact that this hole was in the floor, the appellant did not furnish a safe place for the appellee to work in or upon.   The evidence is clear and conclusive that the appellee had no knowledge of this hole in the floor while he was so at work, or prior to his entering upon the work.   The evidence tends to show there were scales or packing upon the floor of the room, which covered the same, and concealed the hole from view.

Counsel for appellant claim that appellant cannot be held liable, because it had no notice of the existence of the hole in the floor prior to the happening of the accident.   The rule in such cases is, that the master is liable where the circumstances are such that he ought to have had notice of the defective condition of the cause of the injury, whether he had actual notice or knowledge or not. The master cannot screen himself from liability upon the ground that he did not know of the defects in his appliances, if he might have known of them by the exercise of due care.   "The law will imply and infer notice of any defect, which, by the use of ordinary care, might have been known to the master." (*Metcalf Co.* v. *Nystedt*, 203 Ill. 333; *Whitney & Starrette Co.* v. *O'Rourke*, 172 id. 177; *Consolidated Coal Co.* v. *Haenni*, 146 id. 614).   It was the duty of the appellant to see that the floor was clean and free from such obstructions, as concealed the plates of the floor.   It was the duty of the appellant to see that the iron plates in the floor were unbroken, and that the floor was in good repair and safe condition for use by its servants in the performance of the work required of them.   In such cases, the employer is negligent if he fails in the duty of inspection.   Here, it certainly was the

duty of the appellant to inspect the floor, and, upon discovery of the hole by means of such inspection, it was its duty to repair the broken plate.

In *Armour* v. *Brazeau*, 191 Ill. 117, and in *Wrisley Co.* v. *Burke*, 203 id. 250, we held that "the servant is not to be deemed as having notice or knowledge of such defects and insufficiencies, as can be ascertained only by investigation and inspection, for the purpose of ascertaining that there is no danger," and in those cases we said: "While there is no absolute duty to keep appliances in safe condition, there is a duty to use reasonable care to keep them fit, and this duty may require inspection at reasonable intervals, and the employment of such tests as will reveal the condition of the machinery or appliances. This duty of inspection rests upon the employer, and not upon the employee, and depends upon the character of the machine or appliance, since ordinary care may require an inspection oftener in one case than in another."

The evidence being undisputed that the defect in the floor existed, we are unable to say that appellant could not have known of the existence of the defect by the exercise of due care.

The truck, while being moved over the floor, was attended by ten men. One of these men, named Bolton, was entrusted with the duty of controlling and guiding the movement of the truck. There is evidence, tending to show that Bolton was the foreman of the truck, and that he ordered the other men, engaged in moving it, what to do, and how to perform their work. There is evidence, tending to show that the other nine men were under Bolton's charge, and that he had charge of the truck, and was steering the truck. One of appellant's own witnesses says, that Bolton was the man, who handled the truck, and told the other men what they were to do. When the wheel of the truck was caught in the hole while the men were pushing the truck, Bolton gave

an order that they should pull the truck out.   The evidence shows that they then all turned around, and began to pull in pursuance of his order, instead of pushing, as they had theretofore done.   While they were thus endeavoring to pull the wheel out of the hole, the pot fell over and injured appellee.   There is evidence, tending to show that it would not have fallen, if the wheel had not gone into the hole.   It is claimed on the part of the appellant, that the injury resulted from the act of Bolton in directing the men to pull the truck, instead of pushing it.   If Bolton stood to the appellant in the relation of a vice-principal, his negligence, if he was guilty of negligence, could not be imputed to the appellee.   If, as some of the testimony tends to prove, he was appellant's foreman, his negligence was the negligence of appellant.   "Where a master confers authority upon one of his employees to take charge and control of a certain class of workmen in carrying on some particular branch of his business, such employee, in governing and directing the movements of the men under his charge with respect to that branch of the business, is the direct representative of the master, and not a mere fellow-servant; and all commands, given by him within the scope of his authority, are in law the commands of the master."   (*City of LaSalle* v. *Kostka*, 190 Ill. 130, and cases there cited.)

It is claimed, however, on the part of appellant that Bolton and the appellee were mere fellow-servants, and that, therefore, appellee cannot recover on account of the negligence of Bolton, if Bolton was guilty of negligence.   Whether or not Bolton and appellee were fellow-servants was a question of fact to be determined by the jury, and was submitted to the jury under the instructions of the court; and, upon this issue, the jury found against the appellant.   "The definition of fellow-servants is for the court.   Whether employees of the common master fall within that definition is a question of fact, hence whether or not the relation exists is a mixed question of

law and fact. * * * The burden of proof to establish the relation is upon the defendant,—and that, even though the plaintiff alleges the negative in his declaration." (*Hartley* v. *Chicago and Alton Railroad Co.* 197 Ill. 440.) Where the facts are conceded, or where there is no dispute whatever as to the facts, and they show beyond question that the relation of fellow-servant exists, then the question may become one of law. (*Chicago and Eastern Illinois Railroad Co.* v. *Driscoll*, 176 Ill. 330; *Hartley* v. *Chicago and Alton Railroad Co. supra*.) In the case at bar, however, the question as to whether the relation of fellow-servants existed between Bolton and appellee was a disputed question. The facts in relation to the same were not conceded. Three witnesses, testifying for appellee, and one for appellant, swore, in substance, that Bolton was a foreman in charge of the other men, and invested with authority to direct their actions and their work; and this contention was contradicted by testimony offered by the appellant. There was here, therefore, a conflict in the evidence as to the existence of the relation of fellow-servants, and, therefore, it was properly submitted to the jury.

Even if, however, the relation of fellow-servants did exist between Bolton and the appellee, there is another principle, well settled by the decisions of this court, which has application to the facts, shown by the record in this case. The law is that, where an injury to a servant is the combined effect of the negligence of the master and of a fellow-servant, the servant may recover. (*Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242; *Chicago and Northwestern Railway Co.* v. *Gillison*, 173 id. 264; *Chicago Economic Fuel Gas Co.* v. *Myers*, 168 id. 139; *American Express Co.* v. *Risley*, 179 id. 295). In the recent case of *Armour* v. *Golkowska*, 202 Ill. 144, we said: "If an injury result from the negligence of the master, combined with that of a fellow-servant, and the injury would not have happened had the master observed due care for the safety of the

injured servant, the master is liable." In the case at bar, the appellant company was guilty of negligence in failing to keep the floor in a good and safe condition, as was evident by the existence of a hole into which one of the wheels of the truck sank; and if Bolton, regarded as a fellow-servant with appellee, was also guilty of negligence in ordering the men to pull the truck out of the hole, instead of resorting to some other method of extricating it, or if Bolton was guilty of negligence in moving the pole or tongue of the truck up and down, it can not be said that the injury was not caused by a combination of the negligence of appellant and of Bolton. Therefore, appellant is liable. One is liable for an injury, caused by the concurring negligence of himself and a third party, to the same extent as for an injury, caused entirely by his own negligence. Here, there is evidence tending to show that, if appellant's negligence was not the sole cause of the injury to appellee, he was injured by the concurring negligence of appellant and Bolton.

It is said, however, that the existence of the defect in the floor was not the proximate cause of the injury to appellee. The position of appellant upon this branch of the case is, that the pot, consisting of the boxes loaded with hot castings, did not fall when the wheel entered the hole in the floor, but that it fell after the wheel was in the hole and in consequence of the efforts of the men to pull the wheel out of the hole. It is, therefore, contended that the proximate cause of the injury was the effort to extricate the wheel from the hole, and not the existence of the hole itself. It is charged that there is a variance between the declaration and the proof, upon the alleged ground that, according to the averment in the declaration, appellee was injured in consequence of the truck running into the hole, while the proof, it is said, shows that the pot broke, while the men were in the act of pulling in a vain endeavor to extricate the wheel of the truck from the hole. It is to be observed that no ap-

preciable time elapsed between the falling of the wheel into the hole and the breaking of the pot. The testimony tends to show that, as soon as the wheel of the truck ran into the hole in the floor, the foreman of the truck gave the order to "pull out," and that the men all turned around and pulled, and, as soon as they started to pull, the pot broke in two and fell over upon appellee's arm. It is thus evident that the entry of the wheel into the hole, and the act of pulling in pursuance of Bolton's order, were all parts of one transaction; and it can not be denied that, but for the running of the wheel of the truck into the hole, the appellee would not have been injured. Had not the truck run into the hole, there would have been no necessity to attempt to pull it out, and appellee would not have been injured. One of the witnesses says that the pot would not have fallen, if the truck had not gone into the hole.

The question, whether or not the negligence of appellant was the proximate cause of the injury, was a question of fact for the jury, and they have settled it against appellant. (*Pullman Palace Car Co.* v. *Laack, supra; City of Rock Falls* v. *Wells,* 169 Ill. 224; *Chicago and Eastern Illinois Railroad Co.* v. *Mochell,* 193 id. 208; *Chicago and Alton Railroad Co.* v. *Harrington,* 192 id. 9; *True & True Co.* v. *Woda,* 201 id. 315; *Armour* v. *Golkowska, supra*).

"The general test as to whether negligence is the proximate cause of an accident is, therefore, said to be, whether it is such that a person of ordinary intelligence should have foreseen that an accident was liable to be produced thereby. Proximate cause is, therefore, probable cause, and remote cause is improbable cause." (1 Thompson on Negligence, sec. 50; *Armour* v. *Golkowska, supra*). In *Village of Carterville* v. *Cook,* 129 Ill. 152, it was charged as negligence, that the city had constructed a sidewalk at an elevation of some six feet above the surface of the ground, and had not provided a railing for the protection of pedestrians. In commenting upon the

latter case in *Armour* v. *Golkowska, supra,* we said (p. 149): "The plaintiff, a boy, was, by the inadvertent or negligent act of another boy, pushed from the sidewalk, and, there being no railing, fell to the ground and was injured, and we held that, although the primary cause of the injury was the act of the other boy, still, that as the village was negligent in failing to protect the walk, and the injury was such as common prudence could have foreseen, the negligence of the village was to be regarded as the proximate cause of the injury, and the village was held liable to respond in damages. The same principle was announced and applied by this court in *City of Joliet* v. *Verley,* 35 Ill. 58." If, in the case thus referred to, where the elevated sidewalk had no railing, the act of one boy in pushing another from the sidewalk was not the proximate cause of the injury, but the act of the village in failing to put a railing upon the sidewalk was the proximate cause of the injury, then, in the case at bar, it can with equal truth be said, that the act of trying to extricate the truck from the hole in question by pulling was not the proximate cause of the injury, but the act of the appellant in permitting the floor to become defective by the removal of the broken plate, which caused the existence of the hole, was the proximate cause of the injury.

In view of the observations above made, we are unable to say that the court committed any error in refusing to take the case from the jury, or in refusing to give the two instructions, asked by the appellant in relation to fellow-servants and variance.

Accordingly, the judgment of the Appellate Court is affirmed.                              *Judgment affirmed.*