## Doak Veach v. City of Champaign.

1. MOTION FOR PEREMPTORY INSTRUCTION—*effect of.* Such a motion made by the defendant admits all the plaintiff's evidence and all inferences which may be fairly drawn therefrom.

2. CONTRIBUTORY NEGLIGENCE—*what is not, as a matter of law.* In an action on the case against a municipality for personal injuries arising from falling into a catch basin, negligence, as a matter of law, is not established where it appears that the plaintiff on previous occasions had seen and noticed the dangerous condition of the catch basin but failed to observe and avoid it on a dark night when his attention might properly, under the circumstances, be more particularly directed to the movements of a street car which he was attempting to board.

Action on the case for personal injuries. Error to the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed March 16, 1904.

THOMAS J. SMITH and W. E. KING, for plaintiff in error.

F. B. HAMILL, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by plaintiff in error against defendant in error, to recover damages for injuries sustained by falling into a catch basin located in a street within the corporate limits of defendant in error. On the conclusion of plaintiff's evidence the trial court instructed the jury to find the defendant not guilty, and the giving of this instruction by the court is assigned for error.

The only question for us to determine is, whether there is evidence in the record tending to prove the cause of action laid in the declaration. If there is, the court improperly gave the peremptory instruction. It is not necessary to set out the several counts of the declaration to determine whether the evidence is responsive, as it is not contended that it fails in that regard, except in so far as it is insisted that it shows plaintiff to have been guilty of such contributory negligence as bars a recovery.

Plaintiff testified on direct examination, that he left his home at 6:50 on the evening of December 9, 1902, to walk to the street car crossing at Healy and New streets, distant two blocks east; that the night was dark and cold; that the electric light at the crossing was not lighted; that when within three feet of the street car track, on the sidewalk at the street crossing, he saw a car coming towards the crossing; that he motioned to the motorman to stop; that the car thereupon slowed up as if about to stop; that he followed the car, walking to board it, and while so walking fell into a catch basin in the street, located three feet south of the sidewalk on the north side of Healy street, and six inches from the street railroad ties, and sustained the injury sued for; that the width of the opening to the catch basin was four feet and the depth eighteen inches; that he had seen the hole frequently before and had called the attention of the superintendent of streets to it as a bad place which should be fixed. Other witnesses for the plaintiff substantially corroborated his testimony as to the condition of the catch basin, the darkness of the night and the extent of his injuries.

A motion to instruct the jury to find the defendant not guilty admits the truth of all the plaintiff's evidence, and all inferences which may be fairly drawn therefrom. Missouri Malleable Iron Co. v. Dillon, 206 Ill. 145.

That defendant was guilty of the negligence charged in the declaration, in respect to the construction of the catch basin or man hole and in permitting it to remain in a dangerous condition, does not admit of doubt, under the evidence. The undisputed evidence tends to prove that on the occasion that plaintiff was injured, the night was dark; his attention was particularly directed to the street car which he had signalled to stop and which from its movements he had a right to expect would stop within a short distance; he followed the car, walking, to board it, and while so doing fell into the catch basin or man hole. That plaintiff had seen and noticed the dangerous condition of the catch basin on previous occasions, did not as a matter

of law convict him of contributory negligence in failing to observe and avoid it on a dark night, when his attention might properly, under the circumstances, be more particularly directed to the movements of the car he desired to board.

Whether plaintiff, under the circumstances disclosed by the uncontradicted evidence in the case, was in the exercise of ordinary care for his own safety, was a question of fact for the jury and the court erred in giving the peremptory instruction.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*