**Peter Zoric, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 15,886.**

1. NEGLIGENCE—*overloading car.*   *Held,* that the jury did not improperly find that it was negligence for a traction company to overload a car with dirt and for its foreman to direct an employe of such company to ride upon such overloaded car.

2. MASTER AND SERVANT—*when fellow-servant rule will not bar recovery.*   Where the injury is the result of the combined negligence of the master and of a fellow-servant, a recovery by the servant will not be barred.

Action in case for personal injuries.   Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed.   Opinion filed October 25, 1911.

JOHN E. KEHOE and WATSON J. FERRY, for appellant.

FRANK A. ROCKHOLD and FRANCIS X. BUSCH, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for personal injuries.   A trial by jury in the Superior Court resulted in a verdict and judgment against appellant for $2,500.

The declaration contains five counts, in each of which it is recited that on October 9, 1907, appellant operated cars propelled by electricity on Center avenue and 47th street; that appellee was employed by appellant as a common laborer in shoveling dirt upon and off certain flat cars which appellant was engaged in hauling on Center avenue from 55th to 47th streets, and on 47th street. The first count charges that appellant ordered and directed appellee to ride upon a certain car loaded with dirt, for the purpose of assisting to unload the same; that while he was so riding, with all due care and caution for his own safety, appellant so negligently and carelessly ran, managed and operated the car that the dirt was caused to shift and thereby appellee was thrown upon the ground where the wheels of said car ran upon and over him, and one of his legs was so crushed and broken that it was necessarily thereafter amputated. The second count charges that appellant's foreman directed certain of its servants to load one of its cars with dirt, and so high and in such quantity that there was insufficient room for the servants to safely ride thereon, and there was exceedingly great danger, should such servants get upon it, the dirt would thereby be caused to slip and fall off; that after the car was so loaded the foreman negligently ordered and directed said servants and appellee to get upon it and upon the dirt, and to ride to a certain point to assist in unloading it; that in obedience to such order appellee got upon the dirt and thereupon appellant caused the car to be run to a point on 47th street near Center avenue; that while appellee was in the exercise of due care riding upon the dirt and car, the dirt was caused to shift and slide, and he was caused to fall to the ground, etc. The third count charges that appellant ordered appellee and other of its servants to get on one of its cars loaded with dirt in the night time; that the dirt was loaded so high and in such quantities that there was insufficient room for any of the servants to ride thereon; that appellant's foreman ordered and

directed appellee and the other servants to get upon and ride on top of the dirt on said car; that appellant negligently failed to provide any light upon the car, whereby it was exceedingly dark, and appellee and the other servants were unable to see the position of the dirt or to observe whether it shifted while the car was being operated; that by reason of such negligence, and while said car was being operated and while appellee in the exercise of due care was riding on it, the dirt shifted, appellee was unable to observe the shifting, and was thereby caused to fall, etc. The fourth count alleges the loading of the car and the presence of appellee thereon as in the third count, and charges that appellant negligently caused said car to be run at a speed of twenty-five miles an hour, down an incline under a viaduct and up an incline on the opposite side of the viaduct, and that in consequence thereof the dirt was caused to suddenly and violently shift, and appellee was thrown upon the ground, etc. The fifth count is substantially like the fourth. Each count, as amended, alleges facts which negative the assumption of risk by appellee.

The grounds relied upon by appellant for a reversal of the judgment are that the verdict is not justified by the evidence and that the verdict is against the manifest weight of the evidence.

On the night of October 9, 1907, beginning about 10 o'clock, appellee, together with fourteen or fifteen other laborers, was employed by appellant, under the direction of its foreman, James Mulcahy, in shoveling dirt, stones and debris onto a flat car on appellant's track in Center avenue near 55th street. The flat car was about thirty feet in length, upon the sides of which, planks eighteen inches in width were hinged at the bottom, so that when the car was unloaded it was not necessary to shovel the material over the planks. A small cabin or apartment was built upon each end of the car, one for the motorman and one for the con-

ductor or trolley man. The loading of the car was completed at about one o'clock in the morning, and the shovelers were then directed by the foreman to get on the car and ride to 38th place and Halsted street, where it was to be unloaded. The car was then run north on Center avenue to 47th street and thence on the latter street eastward. When the car had reached a point at or near one of the viaducts on Forty-seventh street, where there was a curve and descent in the track, appellee, who was sitting on the load of dirt, fell to the ground and sustained the injuries stated in the declaration.

There is a direct conflict in the evidence as to the quantity of dirt loaded upon the car. Witnesses called on behalf of appellee testified that the load of dirt was unusually large; that the dirt at the sides of the car was several inches higher than the top of the planks, and that in the center of the car the dirt was piled up to a height of from five feet to six and one-half feet above the bottom of the car; that the dirt shifted and fell off the car after the same was loaded and before it was moved. It is uncontroverted that during the time the car was being loaded appellant's foreman frequently urged the shovelers to "hurry up", and that after it was loaded he directed them to get upon the car.

Witnesses for appellant testified that the dirt upon the car made an ordinary sized load; a little more than half a load; about three-quarters of a load; that the top of the load was about three feet above the bottom of the car. A like contrariety exists in the evidence bearing upon the question of the speed at which the car was being operated on Forty-seventh street at the time appellee fell to the ground. A careful consideration of the evidence impels us to the conclusion that upon both of these issues the verdict of the jury was not unwarranted.

Appellee testified that after the car started to run he was afraid to sit on the dirt, because the car was shak-

Zoric v. Chicago City Ry. Co., 165 Ill. App. 181.

ing from one side to the other, and the dirt was sliding on each side; that when the car reached the curve in the track, a lot of dirt slid underneath him and he slid down at the same time; that there were some blocks underneath him, to which he was trying to hold fast. Other witnesses called on behalf of appellee corroborated his testimony as to the movements of the car and the sliding of the dirt. That the testimony of appellee, as to the precise manner in which his fall from the car was occasioned, is not corroborated by other witnesses, is of no significance, in view of the fact that the attention of the others on the car was not directed to him until he cried out when he found himself about to fall. Other witnesses did testify to the existence, as a matter of fact, of conditions which gave credence to the testimony of appellee in that regard.

Whether or not appellant was guilty of negligence in the respects charged in the declaration was a question properly submitted to the jury and their verdict upon that issue must, upon this record, be held to be conclusive. The same may be said as to the issues of contributory negligence and assumed risk.

If the injury to appellee had been occasioned solely by the negligence of the motorman in operating the car at an excessive speed at a curve in the track, it would be necessary to consider and determine whether appellee and the motorman were fellow-servants, either as a matter of law or a matter of fact, but such consideration and determination are not essential. It may be conceded that the relation of fellow-servants existed as to appellee and the motorman, without affecting the right of appellee to recover upon this record.

The conduct of appellant's foreman in permitting the car to be overloaded and in directing appellee to ride thereon, having not improperly been found by the jury to constitute negligence, it is apparent that the injury to appellee resulted from the combined negligence of appellant and the motorman. In such case appellant is liable, notwithstanding appellee and the

motorman may have been fellow-servants. Missouri Malleable Iron Co. v. Dillon, 206 Ill. 145; C. U. T. Co. v. Sawusch, 218 Ill. 130; C. & E. I. R. R. Co. v. Kimmel, 221 Ill. 547; Schillinger v. Smith, 225 Ill. 74; Pittman v. C. & E. I. R. R. Co., 231 Ill. 581.

While the case is close upon the facts, we cannot say the evidence does not justify the verdict returned.

The judgment is affirmed.

*Judgment affirmed.*