Jenkins v. LaSalle County Carbon Coal Co., 182 Ill. App. 36.

## Mollie Jenkins, Conservatrix, Appellee, v. La Salle County Carbon Coal Company, Appellant.

### Gen. No. 18,431.

1. MINES AND MINERALS, § 74*—*proximate cause.* Permitting a car to be lowered into a mine without a linch-pin in an axle to keep wheel on, *held* to be the proximate cause of the injury, where an employe, engaged in removing cars from cage at bottom of shaft, is injured by falling coal while reaching into the shaft to recover a wheel which came off.

2. MINES AND MINERALS, § 181*—*proximate cause as question for jury.* Whether the negligence of the defendant was the proximate cause of the injury is a question for the jury.

3. NEGLIGENCE, § 49*—*rule as to proximate cause.* Where the injurious consequences might have been foreseen as likely to result from the first negligent act or omission, the act of a third person will not excuse the first wrongdoer.

4. DAMAGES, § 111*—*when not excessive.* Award of twelve thousand five hundred dollars to a miner, *held* not excessive where plaintiff received a compound fracture of the back of the skull and the optic nerve of both eyes was injured so that the central vision of the eyes was absent.

5. MINES AND MINERALS, § 85*—*when use of car without linch-pin is negligence.* Permitting a car to be lowered in a mine without a linch-pin to keep wheel on axle, *held* negligence.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913.

ROBERT J. SLATER, for appellant.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment against appellant, hereinafter called defendant, obtained by appellee on account of personal injuries received by

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

William Jenkins while in the employ of the defendant.

The salient facts are as follows: Defendant owned and operated a coal mine in La Salle county, Illinois, with a shaft about four hundred feet deep. Jenkins was employed by the defendant to work at the bottom of the shaft, assisting in placing loaded small coal cars upon cages used in raising and lowering coal cars in the shaft, and also assisting in removing empty cars when lowered into the mine.

Upon the occasion in question an empty car was lowered to the bottom of the shaft. Jenkins and his assistant attempted to remove it from the cage, when, owing to the absence of a linch-pin, a wheel of the car came off the axle. Jenkins was in the act of reaching into the shaft to recover the wheel when something struck him on the head, inflicting the injuries complained of. It is a fair inference that the object which struck Jenkins was a piece of coal or other hard substance falling down the shaft.

The negligence complained of is the failure to supply the axle of the car with a linch-pin or other suitable device to prevent the wheel from falling off the axle.

It is argued that the defendant was not charged with notice of the absence of the linch-pin, and that it was not negligence to use the car without a pin in the axle. We cannot assent to either proposition. Defendant was charged with the duty of furnishing reasonably safe cars, with no necessary part omitted therefrom. *Chicago Union Traction Company v. Sawusch,* 218 Ill. 130. It was within the duties of one of the workmen at the top of the shaft to inspect the cars before they were let down into the mine, and he testified that he saw and permitted the car in question to descend the shaft with a linch-pin missing. It is self-evident that it was negligent to use the car with no device to keep the wheels on the axles.

The vital question presented is whether the negligence alleged was the proximate cause of the injury to Jenkins. Was there a continuous succession of con-

nected events proceeding from the failure to supply the linch-pin, to the infliction of the blow on the head of Jenkins by a lump of coal or other material falling down the shaft? The rules for determining whether a negligent act is the proximate cause of an injury are stated in many authorities, and with special fullness in *Seith v. Commonwealth Electric Co.*, 241 Ill. 252. The gist of this statement applicable here is that "the negligent act or omission must be the cause which produces the injury, but it need not be the sole cause nor the last or nearest cause. It is sufficient if * * * it sets in motion a chain of circumstances and operates on them in a continuous sequence, unbroken by any new or independent cause. The question is not determined by the existence or non-existence of intervening events, but by their character and the natural connection between the original act or omission and the injurious consequences. To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence." Much more might be quoted pertinently from this opinion. Applying these rules to the facts before us, we are of the opinion that it would be an immediate sequence of the omission of the linch-pin that the wheel would come off when the workers at the bottom of the shaft attempted to move the car, and that it might roll into a place from which it would become necessary to remove it in order to proceed with the work in hand. There was evidence tending to show that it did roll to a point where it became an obstruction to the operation of the cages, thus threatening the workmen of the mine so long as it remained in that position. The necessity of its removal from this obstructing point would follow immediately, and that this might require Jenkins or his assistant to extend his head into the shaft would follow naturally.

However, it is argued with force that, admitting this

to be true, we have a situation where, quoting from the *Seith case, supra,* "the negligence does nothing more than furnish a condition by which the injury is made possible," and that the injury was caused by a subsequent and independent act, namely, the falling of the material down the shaft. The evidence tends to show that the falling of this material was not a single isolated instance not reasonably to be foreseen, but that the falling of coal or rocks down the shaft was frequent, if not constant, and that the defendant anticipated that one unshielded in the shaft would be struck by falling objects.

Therefore, applying the rule stated in the *Seith case, supra,* "where the circumstances are such that the injurious consequences might have been foreseen as likely to result from the first negligent act or omission, the act of the third person will not excuse the first wrongdoer," we have reached the conclusion that the negligence alleged was the proximate cause of the injury.

In *Missouri Malleable Iron Co. v. Dillon,* 206 Ill. 145 (p. 157), the Court said, with many supporting citations: "The question, whether or not the negligence of appellant was the proximate cause of the injury, was a question of fact for the jury, and they have settled it against appellant."

Upon the point of assumed risk, evidence was presented and argued to the jury tending to show that the risk which occasioned the injury was not an ordinary risk, and we cannot say that the jury was in error in its conclusion that the risk was not assumed.

We also see no reason to disturb the jury's opinion as to whether the plaintiff was guilty of contributory negligence. Both counsel argue this point with such a wealth of detail of facts as to make clear the impossibility of holding the verdict, in this respect, to be manifestly against the weight of the evidence.

We see no reason for holding that errors, if any there be, in the giving and refusing of instructions, or

that the alleged improper conduct of the plaintiff and his counsel, are sufficiently serious as to require a reversal.

It is claimed that the damages awarded by the jury are excessive. Plaintiff received a compound fracture of the back part of the skull, and it appears that the fractured bone contused and lacerated the brain. Among other results of the injury is atrophy of the optic nerve of both eyes, so that the central vision of both eyes is nearly absent. The jury awarded $12,500, which was not disturbed by the trial court. We have no sufficient grounds for concluding that the verdict is excessive.

Finding nothing in the record which in our opinion would justify a reversal, the judgment will be affirmed.

*Affirmed.*