## The West Chicago Street Railroad Company

### *v.*

### Dora Feldstein.

*Opinion filed November 8, 1897.*

169 139
74a 617
169 139
78a 265
169 139
192 ³ 37
96a ³181
169 139
e100a³483
169 139
202 ³148
169 139
203 ³564

1. Appeals and errors—*effect of refusal of peremptory instruction offered as one of defendant's series.* The refusal of an instruction directing a verdict for the defendant does not raise the question of the sufficiency of the evidence to sustain the verdict as one of law, where the instruction is not requested at the close of the plaintiff's evidence or of all the evidence, but is offered as one of the defendant's series after argument to the jury.

2. Same—*Appellate Court's judgment settles controverted facts in suits at law.* In suits at law the judgment of the Appellate Court affirming that of the trial court conclusively settles all controverted questions of fact.

3. Negligence—*question of approximate cause of injury is one of fact for the jury.* In an action for damages for personal injuries, whether the negligence of the defendant is the proximate cause of the injury is a question of fact, to be determined by the jury under proper instructions.

*West Chicago Street R. R. Co.* v. *Feldstein,* 69 Ill. App. 36, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Nathaniel C. Sears, Judge, presiding.

On October 22, 1894, Dora Feldstein, the appellee here, was injured ·by the collision of two street cars at the crossing of State and Adams streets, in the city of Chicago. It appears that while she was crossing the street she stopped on the north side of the street car tracks to allow a car belonging to the West Chicago Street Railroad Company to pass, and that while she was standing there a car of the Chicago City Railway Company going south collided with the car of appellant, turning it partially around, the rear part of the car striking appellee, throwing her down and injuring her. An action for damages was brought against both street railway companies,

charging negligence. Upon the trial, after the testimony
for the plaintiff had been introduced, the case was dis-
missed as to the Chicago City Railway Company. The
jury found a verdict against the West Chicago Street
Railroad Company, in favor of the plaintiff, for $2000.
Upon appeal to the Appellate Court the judgment of the
trial court was affirmed, and the record is brought to this
court upon further appeal.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

FRANCIS T. MURPHY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first contended that the trial court erred in re-
fusing to give a peremptory instruction to find for the
defendant, counsel supposing that the instruction pre-
serves the questions of law for the decision of this court
as to whether there is any evidence in the record tending
to support the plaintiff's cause of action. We find the
instruction was not asked at the close of plaintiff's evi-
dence nor at the close of all the evidence, but after the
case had been argued and submitted to the jury the in-
struction was presented as one of a series asked by the
defendant. As we said in *Peirce* v. *Walters*, 164 Ill. 560, (on
p. 565): "If the defendants desired the court to pass upon
the legal question as to whether or not there was any tes-
timony before the jury tending to prove the plaintiff's
case, and to bring that question before this court for re-
view as a question of law, they should have asked to have
the case withdrawn from the jury before the final submis-
sion." The case having been submitted to the jury upon
the facts, defendant thereby conceded there was a ques-
tion for their determination, and this peremptory instruc-
tion to find for the defendant, offered at this time, was an
attempt to invade the province of the jury, and we think
it was properly refused.

It is said by counsel for appellant that the injury sustained by the plaintiff in this case was not such a natural and approximate consequence of appellant's negligence as to make it liable, as it was an injury "not known by common experience to be usual in consequence, and the damage does not, according to the ordinary course of events, follow from the wrong." Counsel seek to invoke the rule as laid down by Judge Cooley in his work on Torts, (p. 69,) which is as follows: "If the wrong and the resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action." The correctness of this rule is not questioned, but we think counsel err in attempting to apply it here at this time. It has been repeatedly held by this court that whether or not the negligence of the defendant was the proximate cause of the injury is a question of fact, to be determined by the jury under proper instructions from the court. (*Fent* v. *Toledo, Peoria and Warsaw Railway Co.* 59 Ill. 349; *Pullman Palace Car Co.* v. *Laack*, 143 id. 242.) In other words, whether the wrong and the damages, as shown in this case, are known by common experience to be usual in consequence, and the damages follow from the wrong in the ordinary course of events, and are sufficiently conjoined and concatenated as cause and effect, is in this State a question of fact. The cases are so numerous that it is unnecessary to cite decisions of this court holding that the judgment of the Appellate Court conclusively settles all controverted questions of fact. In this case its judgment has conclusively determined the question of approximate cause adversely to the appellant. Furthermore, not only by reason of the judgment of the Appellate Court is the West Chicago Street Railroad Company estopped to urge questions of fact in this court, but it does not appear that the question

as to whether the facts show that the injury was too remote to authorize a recovery was raised upon the trial below, as it should have been, by proper instructions. Therefore, not having been presented below, it cannot be urged here for the first time. *Toledo, Peoria and Warsaw Railway Co.* v. *Pindar,* 53 Ill. 447.

The last instruction referred to by counsel for appellant, relating to the plaintiff's right of recovery against the defendant as one of two joint tort feasors, is, we think, entirely free from objection. Moreover, the jury were so fully and fairly instructed on behalf of appellant that no ground of complaint against the instructions given can be reasonably urged.

Finding no merit in this appeal the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*