The Chicago and Eastern Illinois Railroad Co.

*v.*

Robert A. Knapp.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. Master and servant—*what must be shown to charge servant with negligence in using defective machinery.* To charge a servant with negligence in using a machine or appliance known by him to be defective, it must be shown that he knew that the defect rendered the use of the machine or appliance dangerous.

2. Appeals and errors—*inaccurate rulings on evidence must be prejudicial to work reversal.* Inaccurate rulings of the trial court on the admission of evidence will not work reversal unless it appears they were calculated to prejudice the rights of the defeated party.

*C. & E. I. R. R. Co.* v. *Knapp,* 74 Ill. App. 148, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. Charles R. Starr, Judge, presiding.

W. H. Lyford, (W. J. Calhoun, of counsel,) for appellant.

D., T. J. & J. M. Sheean, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

Appellee began this action in the circuit court of Kankakee county to recover damages for personal injuries sustained by him on the 10th day of April, 1895, at Brazil, Indiana. The declaration contained two counts, to which appellant filed a plea of the general issue. Trial by jury resulted in a verdict for plaintiff for $5000, on which judgment was entered, and the defendant appealed to the Appellate Court for the Second District. This is an appeal from a judgment of affirmance in that court.

Appellee was a freight conductor in the employ of appellant, and at the time of the injury complained of was in charge of a coal train about to leave Brazil, In-

diana,—a terminal of appellant's road,—for Momence, Illinois. It was his duty to inspect his train before starting. While making this inspection, preparatory to leaving, he noticed that a coupling-pin on the end of the car nearest the engine attached to the train was not exactly in place, but projected out, slanting backward towards the car. The cause of this condition appellee could not tell without an examination. He stepped between the cars for that purpose and "took hold of the pin to see if he could push it down or pull it out." At that moment the train moved back, and the draw-bar pushed back under the car so as to cause the pin head to strike the dead-woods on the end of the car and crush appellee's hand. The negligence charged in the declaration is that the draw-bar on the car was not reasonably safe, in that it was not equipped with a shoulder, collar-plate or other device to prevent the draw-bar from sliding under the car.

The first error assigned in this court by appellant is the refusal of the trial court to instruct the jury to render a verdict for the defendant. The ground upon which appellant claims that instruction should have been given is, that there is no evidence tending to prove the allegation of the declaration that plaintiff was himself exercising due care at the time of the accident, and had no knowledge and no means of knowing of the faulty construction of the draw-bar and coupling. It is conceded the judgment of the Appellate Court settles the controverted questions of fact that the draw-bar and coupling device were unsafe, and that the company was chargeable with negligence in allowing them to be in that condition at the time of the accident; but it is insisted that, the danger being known and obvious, the plaintiff, having voluntarily incurred it, cannot recover from the defendant for injuries suffered in consequence, and to allow him to do so would amount to compensating him for his own negligence,—citing *Pennsylvania Co. v. Lynch,* 90 Ill. 333, and *Stafford v. Chicago, Burlington and Quincy Railroad Co.*

114 id. 244. We do not think the rule is properly applicable to the facts of this case. While it is true the plaintiff admitted that before going between the cars he saw the draw-bar hanging down and that the pin was not exactly in place, it does not appear that he knew these defects necessarily rendered the coupling dangerous. The evidence shows that, notwithstanding the obvious conditions referred to, had the car been equipped with other usual appliances, and had the draw-bar been in proper condition, the act of appellee in taking hold of the pin would not necessarily have been dangerous. "Unless it shall appear from the evidence that a servant injured in his master's service had knowledge of the dangers of the service from the master's neglect of duty, it will not be presumed, as no one is presumed to knowingly incur physical pain and death when he can avoid it, at his discretion." (*Chicago and Eastern Illinois Railroad Co. v. Hines,* 132 Ill. 161.) To charge an employee with negligence in using a machine or appliance known by him to be defective, it must also be shown that he knew the defect rendered its use dangerous. We do not think it can be fairly said from the evidence in this record that appellee was guilty of negligence contributing to his injury, or that the evidence, with all its reasonable intendments, fails to show that he was not, at the time of the accident, in the exercise of reasonable care for his own safety. There was no error in the refusal of the trial court to take the case from the jury.

The giving of the second and third instructions on behalf of the plaintiff is assigned for error. The criticism made upon each of them is, that they do not submit to the jury the question whether the plaintiff, at the time of the accident, knew that the draw-bar was not reasonably safe. We do not think the objection well taken. Both instructions require the plaintiff to show that he was "exercising reasonable and ordinary care for his personal safety," or was injured "while in the exercise of due

care for his personal safety in such case." The jury seem to have been fairly instructed as to the law of the case.

Objection is made that certain questions were allowed by the court to be answered by the plaintiff and one of his witnesses named Taylor, over the objection of appellant. While we think the ruling of the court upon these questions was not entirely accurate, yet we cannot see wherein the defendant was so prejudiced thereby as that a reversal of the judgment below should result.

We find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*