## Himrod Coal Co. v. S. M. Clark, Adm'r, etc.

1. PLEADINGS—*Defects in, Cured by Verdict.*—When a defendant pleads to the declaration and goes to trial on the merits he is in no position to raise the objection in the Appellate Court that the cause of action is not sufficiently stated.

2. MASTER AND SERVANT.—*Duty of the Master to Furnish the Servant a Reasonably Safe Place to do His Work.*—It is the duty of the master to furnish his servant with a reasonably safe place in which to perform his work.

3. SAME—*Right of the Servant to Presume that the Master has Performed His Duty.*—In the absence of notice that a place or appliance is dangerous, a servant may properly act upon the presumption that the master has used reasonable care in putting the appliance with which and the place in which he is to work in a reasonably safe condition.

4. SAME—*Risks Not Assumed by the Servant.*—A servant does not assume the risk of accident and injury due to the failure of the master to exercise reasonable care in furnishing him with a reasonably safe place to do his work.

Trespass on the Case.—Death from negligent act.    Appeal from the Circuit Court of Vermilion County; the Hon. HENRY VAN SELLER, Judge, presiding.    Heard in this court at the May term, 1901.    Affirmed. Opinion filed December 10, 1901.

D. D. EVANS and G. M. McDOWELL, attorneys for appellant.

GEO. G. MABIN and S. M. CLARK, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee, as administrator, recovered judgment for $3,500 against appellant for damages occasioned by the death of Christ Schroath.    Schroath was a machine runner in appel-

lant's mine and was killed by rock falling upon him from the roof of the mine.

The negligence charged in the declaration was failure of appellant to keep the place where the accident occurred in a reasonably safe condition, as could have been done by the use of props or cross-pieces under the roof. It is contended that the declaration does not state a cause of action in that it is framed upon the theory that it was a duty of appellant to prop the roof of the mine, whereas no such duty rested upon it, either at common law or by statute. We do not so understand the declaration. It sets up negligence at common law—alleging that appellant negligently failed to keep its entry at the place where the accident occurred in a reasonably safe condition. It alleges a failure to place props or cross-pieces, true; but that is averred as a reason why the place was rendered unsafe. The averment could have been stated more clearly and with greater certainty, but appellant having pleaded to the declaration and gone to trial on the merits, is in no position to raise that objection now.

The evidence shows that it was the duty of Schroath to operate his machine by compressed air in loosening and undercutting coal, and to move it from point to point in the mine as it was needed. He had nothing to do with propping the roof. At the time he was killed the machine was temporarily in charge of another miner, while he was on or near a set of trucks preparing to move the machine to another room in the mine. While he was so occupied the roof gave way and precipitated a mass of rock upon him which caused his death. The rock which fell was what the witnesses term a " pot rock " and is a dangerous thing in the roof of a mine. There was testimony to the effect that appellant's foreman had notice of the dangerous condition of the roof within a few feet of this " pot rock " two days before. If so notified it was appellant's duty to prop it or take other steps to make it safe. The law is well settled that it is the duty of the master to furnish his servant with a reasonably safe place to perform his work. C. & A. R. R. Co. v. Scanlan, 170 Ill. 106; Leonard v. Kinnore, 174 Ill. 532.

We see no room for the contention that Schroath was not in the exercise of proper care for his own safety. He was simply loading his tools on the truck and preparing to move his machine to another point in the mine, as it was his duty to do. There is nothing in the record to show that he was acting in an unusual or improper manner. There were other employes charged with the duty of looking after the roof and keeping the same in reasonably safe condition, and he had the right to presume that they had discharged their duty. In the absence of notice that a place or appliance is dangerous a servant may properly act upon the presumption that the master has used reasonable care in placing the appliance with which he is to work and the place in which he is to work in a reasonably safe condition. Hines Lumber Co. v. Ligas, 172 Ill. 315; C. & E. I. R. R. Co. v. Knapp, 176 Ill. 127; City of LaSalle v. Kostha, 190 Ill. 130.

What we have said sufficiently indicates our opinion that the accident and death of Schroath was not an assumed risk of his employment. A servant does not assume risk of accident and injuries due to a failure of the master to exercise reasonable care in furnishing the servant with a reasonably safe place to work.

No erroneous instruction was given in behalf of appellee. Appellant has no just ground of complaint because of the refusal of the court to give certain instructions asked by it. The jury were abundantly instructed for appellant and as fully as the law and facts warranted. There was no error in ruling upon the admissibility of testimony sufficient to justify a reversal. Judgment affirmed.