## JONATHAN O. ARMOUR et al.

### v.

## JULIANNA GOLKOWSKA.

*Opinion filed April 24, 1903.*

1. MASTER AND SERVANT—*duty of master to provide a reasonably safe place to work is positive.* The duty of the master to provide a reasonably safe place for the servant to work is a positive one, and his non-compliance therewith is not one of the ordinary risks assumed by the servant.

2. SAME—*master should anticipate reasonably apparent dangers to a servant.* In maintaining a raised platform for storage, eight or nine feet high, in a room where employees are working, the master is charged with the duty of anticipating such dangers therefrom as would be apparent to a reasonably prudent man.

3. SAME—*whether raised platform should have had a railing is a question for the jury.* Whether a raised platform, eight or nine feet high, used for storage, should have been provided with a railing to prevent articles from falling upon servants who were placed to work on the floor below the edge of the platform, is a question of fact for the jury.

4. SAME—*liability of master where his negligence and that of a fellow-servant are combined.* If an injury results from the negligence of the master combined with the negligence of a fellow-servant, and the injury would not have occurred had the master used due care for the safety of the injured servant, the master is liable.

5. SAME—*when question of proximate cause is for the jury.* Whether the act of negligence complained of was the proximate cause of the injury is a question of fact for the jury, if the injury is so natural and direct as to follow the act of negligence in the ordinary course of events.

6. SAME—*what not essential to right of recovery.* In an action by a servant who was struck by a barrel which fell from an unprotected platform in the room where she was working, it is not indispensable to her right of recovery that she show the cause of the fall of the barrel, or that it was not caused by the force of nature or by some person unconnected with the defendant.

7. SAME—*effect of other contributing causes of injury upon master's liability.* It is no defense to an action for negligence that the negligence of a third person or an inevitable accident or an inanimate thing contributed to the injury, if the negligence of the defendant was an efficient cause of the injury, without which it would not have occurred.

8. SAME—*when case against master should be left to the jury.*   In an action by a servant for injuries caused by a barrel falling from a platform in the room where she was working, the questions of proximate cause and assumed risk should be left to the jury, even though the cause of the barrel's fall is not shown, where the evidence tends to show it was not the act of a fellow-servant.

*Armour* v. *Golkowska,* 95 Ill. App. 492, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

A. R. URION, and A. B. STRATTON, (A. F. REICHMANN, of counsel,) for appellants.

DAVID K. TONE, and H. M. ASHTON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The only question arising on this record is whether the trial court erred in refusing to grant the motion of the appellants, who were defendants in the trial court, entered at the close of all the evidence, for an instruction peremptorily directing the jury to return a verdict in their favor.   The action of the trial court in denying the motion was affirmed by the Appellate Court for the First District, and by the further appeal of the appellants that ruling is before us for review.

The action was in case by the appellee to recover damages arising from a personal injury.   It appeared from the evidence appellee, a young woman, and some two hundred other employees of the appellants, were engaged in trimming meat in a room on the top floor of the packing house of the appellants at the stock yards, in the city of Chicago; that the appellants maintained in a portion of the room a platform the floor of which was about eight or nine feet above the floor of the room; that they had placed a table, to be used by the appellee in

trimming the meat, on the floor beneath the edge of this platform; that there was no railing or other barrier on or around the platform to keep anything placed on the platform from falling therefrom to and upon those working at the tables below it; that while the appellee was engaged in trimming meat at a table that stood under the south edge of the platform, a barrel which was upon the platform fell therefrom down upon the appellee and inflicted the injuries upon her person for which recovery of damages was sought and allowed in the case.

The declaration, in one of the counts, as grounds of negligence relied upon to warrant a recovery, charged that defendants negligently and improperly constructed and suffered said platform to remain without any railing, guards or protections of any kind along the edges of said platform, and in another count, among other charges of negligence, averred that it became the duty of the defendants to provide the plaintiff with a reasonably safe place in which to perform her duties for said defendants, and that it was the duty of the said defendants to construct a guard or railing along the south edge of the platform above mentioned.

It was the duty of the appellants to provide their employees, including the appellee, with a reasonably safe place in which to work and to maintain such place in a reasonably safe condition. In maintaining the platform in this room, on the floor of which the appellants had arranged for their employees to stand while engaged at work, the appellants were charged with the duty of anticipating such dangers to their employees as would have been apparent to a reasonably prudent man. (20 Am. & Eng. Ency. of Law,—2d ed.—55-57.) There was no direct proof as to the particular use to which the appellants devoted the platform. They had constructed it and were maintaining it in the room. Structures of that sort are designed to provide additional space upon which to place or store articles, and for persons to go upon in convey-

ing, such articles to the platform and in taking them away if occasion requires. It was inconceivable that the platform in question had been erected and was being maintained without any intent on the part of the appellants to put or store anything upon it. The evidence disclosed that on the day on which the appellee received her injuries there were at least two barrels upon the floor of the platform. Whether there were other barrels or things there was not disclosed. The court could not, therefore, declare, as matter of law, there was entire want of evidence as to the purpose the platform was intended to serve or as to the use the appellants were making of it. The evidence clearly tended to show it was kept for the purpose of providing a floor on which to place barrels and other articles. Whether an ordinarily thoughtful and prudent man would have foreseen that it was reasonably necessary to the safety of persons working on the floor beneath the edges of the platform that a railing or barrier of some sort should be placed upon the platform was not a question of law for the court, but of fact for the jury. The evidence disclosed the duties of all of appellants' employees who might have been regarded as sustaining the relation of fellow-servant to appellee, and did not tend to show that any of such employees had any duties to perform in connection with any barrel or other thing on the floor of the platform, but tended to the view that the fall of the barrel was not occasioned by the act of a fellow-servant. Moreover, if an injury result from the negligence of the master combined with that of a fellow-servant, and the injury would not have happened had the master observed due care for the safety of the injured servant, the master is liable. *Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242; 12 Am. & Eng. Ency. of Law,—2d ed.—p. 905.

Whether the injury was the proximate consequence of the failure to erect a railing or barrier on the platform was clearly a question of fact for the jury. "Whether the

defendant's act or omission alleged to be negligence naturally and proximately caused the plaintiff's injuries is, as a rule, a question for the jury." (21 Am. & Eng. Ency. of Law,—2d ed.—508.) "And the question whether, from the act or omission complained of, the likelihood of injurious consequences should reasonably have been foreseen is also for the jury, which is, indeed, but another way of stating the general rule just announced." (21 Am. & Eng. Ency. of Law,—2d ed.—509.) If there was no evidence or inference, reasonably arising from the evidence, that the appellants should have contemplated injuries to their employees, such as the appellee received, as a consequence of their failure to construct a railing or barrier on the platform, the trial court might have decided, as a matter of law, that the failure to construct such railing or barrier was not the proximate cause of the injury. Mr. Thompson, in his work on Negligence, (vol. 1, sec. 50,) says: "It follows that the negligence of a person cannot be the proximate cause of a harm to another following it, unless, under all the attending circumstances, ordinary prudence would have admonished the person sought to be charged with the negligence that his act or omission would probably result in injury to someone. The general test as to whether negligence is the proximate cause of an accident is therefore said to be whether it is such that a person of ordinary intelligence should have foreseen that an accident was liable to be produced thereby. Proximate cause is, therefore, probable cause, and remote cause is improbable cause." If the negligent act and the injury are known by common experience to be usual in consequence and the injury is most likely to follow the act of negligence in the ordinary course of events, it is always a question of fact for the jury whether the negligence was the proximate cause of the injury. (*West Chicago Street Railroad Co.* v. *Feldstein,* 169 Ill. 139.) It is enough if the injury be so natural and direct that a reasonable person might, and naturally

would, see that it was liable to result from the act of negligence. (*Chicago and Alton Railroad Co.* v. *Pennell*, 110 Ill. 435.)

It was not indispensable to the right of recovery that appellee should have shown the cause or force which put the barrel in motion or that the appellants were in that respect also negligent, or that the force was not that of nature, as a wind, etc., or of some person connected or not connected with the appellants. In *Village of Carterville* v. *Cook*, 129 Ill. 152, the negligence complained of was that the village had constructed a sidewalk at an elevation of some six feet above the surface of the ground and had not provided a railing for the protection of pedestrians. The plaintiff, a boy, was by the inadvertent or negligent act of another boy pushed from the sidewalk, and, there being no railing, fell to the ground and was injured, and we held that although the primary cause of the injury was the act of the other boy, still, that as the village was negligent in failing to protect the walk and the injury was such as common prudence could have foreseen, the negligence of the village was to be regarded as the proximate cause of the injury, and the village was held liable to respond in damages. The same principle was announced and applied by this court in *City of Joliet* v. *Varley*, 35 Ill. 58.

In *City of Joliet* v. *Shufeldt*, 144 Ill. 403, we deduced from the authorities the general doctrine that it was not a defense to an action for injuries occurring by reason of the negligent act of the defendant that the negligence of a third person or an inevitable accident or an inanimate thing contributed to cause the injury to the plaintiff, if the negligence of the defendant was an efficient cause and without which the injury would not have occurred. Where the injury is occasioned by the negligence of the defendant and the concurrence of some force of nature beyond the control of the defendant, his liability depends upon whether or not a reasonable man, acting with com-

mon prudence, would have foreseen that the omission or act which constituted the negligence relied upon to charge the defendant, exposed those to whom he owed a duty to danger because of the ordinary and known operation of the forces of nature. If such consequences ought reasonably have been anticipated, liability would attach. (21 Am. & Eng. Ency. of Law,—2d ed.—497.) What rule should obtain in the event extraordinary or unprecedented action of the elements of nature constitute a concurring cause of an injury is not here involved, for the proof negatived the intervention of any such cause.

The court would not have been warranted in directing a peremptory verdict on the ground the injury received by the appellee was occasioned by a danger the peril whereof she had assumed. On entering the service of the appellants the appellee had the right to assume that the place provided by them in which she was to do their work was reasonably safe and that they would exercise reasonable care to maintain that condition of safety. (*National Syrup Co.* v. *Carlson,* 155 Ill. 210; *Ross* v. *Shanley,* 185 id. 390.) The duty which the master owes to his servant to provide a reasonably safe place wherein the servant is to work is a positive duty devolving upon the master, and is not one of the perils or risks assumed by the servant. (20 Am. & Eng. Ency. of Law,—2d ed.— 57.) Whether engaging at her work at the table under the unprotected edge of the platform exposed the appellee to dangers so obvious and patent as to raise the presumption she was aware of and appreciated the perils to which she was thus exposed, and therefore assumed the hazard as a risk of her employment, required consideration by the jury not only of the isolated fact of risk that there was no railing or barrier about the platform, but also as to the knowledge and experience of the appellee, and of her capacity to understand and appreciate the danger to which she was exposed. (*Chicago and Eastern Illinois Railroad Co.* v. *Knapp,* 176 Ill. 127; *Offutt*

v. *World's Columbian Exposition,* 175 id. 472; *Swift & Co.* v. *O'Neill,* 187 id. 337; 20 Am. & Eng. Ency. of Law,—2d ed. —112.) It was therefore a question of fact,—not of law,—whether the injury received by the appellee was occasioned by or through a peril of her employment the risk of which she had assumed.

The trial court did not err in refusing to direct a verdict for the defendants as a matter of law.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*