GARIBALDI & CUNEO

*v.*

FANNY O'CONNOR.

*Opinion filed June 23, 1904.*

1. SIDEWALKS—*obstruction caused by loading goods must be reasonable and temporary.* An abutting owner may temporarily obstruct the sidewalk when reasonably necessary for the loading or unloading of goods, but he has no right to so conduct his business of receiving and delivering goods as to substantially appropriate the sidewalk to his own use.

2. SAME—*when abutting owner must use care to keep sidewalk in safe condition.* An abutting owner who, by piling his goods upon the sidewalk, forces pedestrians to use a limited portion of the walk for

passage, must use reasonable care to see that such portion is kept in reasonably safe condition.

3. PROXIMATE CAUSE—*the effect of intervening negligent act of third person.*   The intervening negligent act of a third person does not relieve the author of an earlier act of negligence from responsibility, where the intervening act is of a nature which could have been reasonably anticipated, and in such case the earlier negligent act, if it contributed to the injury, may be regarded as the proximate cause.

*Garibaldi & Cuneo* v. *O'Connor*, 112 Ill. App. 53, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

UTT BROS., for appellants.

P. S. O'RYAN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The judgment of the circuit court of Cook county awarding appellee damages in the sum of $3500 against the appellants for a personal injury received by the appellee from a fall on the sidewalk in front of the place of business of the appellants, in the city of Chicago, was affirmed by the Appellate Court for the First District, and by their further appeal the appellants have brought the record into review in this court.

The appellants were engaged in business, as dealers in fruits, in a building at the corner of State and South Water streets, in the city of Chicago.   Their business house had its front on South Water street and the east side thereof abutted on State street a distance of about ninety-five feet.   The theory upon which recovery was had was, that the appellants had unreasonably and unnecessarily so occupied and obstructed the sidewalk on State street with boxes containing bananas or other fruits, bunches of bananas and barrels, as to force pedestrians into a narrow passageway between the boxes and

barrels, which was littered with straw, hay and loose bananas, and that the appellee, in company with her sister, when endeavoring to pass along the sidewalk, was forced into this narrow passageway, and while walking there, in order to permit the passage of a workman who was wheeling a truck, she stepped behind her sister, and while walking there stepped upon a banana and slipped and fell to the pavement, and thereby received the injuries for which the damages were allowed. Appellants contend there was no proof that they or any of their employees dropped or placed or caused the banana upon which appellee fell, to be upon the walk, and that the only ground upon which the recovery can be supported is, that the appellants were charged with the duty of seeing that that portion of the sidewalk where appellee was walking was in a safe condition for the safe passage of pedestrians, and appellants insist that by their motion for a peremptory instruction to the jury to return a verdict in their favor and by the presentation to the court of certain instructions to be given to the jury, and the refusal of the court to give the same, the question whether such duty devolved upon the appellants is presented to this court for determination.

The evidence showed the appellants received daily about a car-load of bananas in bunches, as they grew in a state of nature, and that they made sales daily of about the same quantity of bananas; that they had a basement extending under the sidewalk on State street, and maintained five holes or openings near the curb line of the sidewalk on that side of the building, through which the bananas were passed into the basement; that they delivered these bananas to their customers sometimes through the openings in the sidewalk and at other times through the front doors of their establishment, which opened on South Water street. The bananas were delivered to their customers either boxed or in barrels or in bunches, as received. The boxes of bananas and the bunches which

were brought out of the front door of the store for delivery to customers were often, in fact daily, brought around to and piled upon the sidewalk on State street, as were also boxes and other packages and articles prepared for delivery to the customers of the appellants. These boxes, barrels and loose bunches of bananas, on the day on which the appellee was injured, were so placed upon the walk as to occupy all of the walk except a narrow passageway near the middle thereof, and were piled to such a height that a person passing along the sidewalk could not see over them. This passageway was littered with straw and hay, and some single bananas had become broken from the bunches and were lying on the straw and hay. Such was and had been the condition of the walk for more than three hours before the appellee received the fall and injuries,—in fact, the evidence showed that such was the daily condition of the walk.

Abutters upon a public street may use the sidewalks in front of their premises for the purpose of loading and unloading goods, merchandise or other like articles in which they may deal or use, but the sidewalks belong to the public and the public primarily have the right to the free and unobstructed use thereof, subject to reasonable and necessary limitations, one of which is the right of an abutting property owner to temporarily obstruct the walk by loading or unloading goods, wares or merchandise when such obstruction is reasonably necessary. Such obstruction must, however, be both reasonable as to the necessity therefor and temporary in point of time. The prior and superior right of passage is possessed by the public. A merchant or business man cannot be permitted to so conduct his business of receiving and delivering the commodities in which he deals, as that the sidewalks shall be substantially appropriated to the transaction of his affairs. A business which has reached that magnitude cannot be accommodated by the appropriation of the public sidewalks to its purposes, but the proprietor

must enlarge his place of business, procure another loca-
tion which will meet its demands, or otherwise provide
for the transaction of his business in such manner that
the public will not be asked to submit to other than rea-
sonable and merely temporary obstructions of the public
way.   The evidence in the case at bar tended to show
that the occupation of the sidewalk by appellants was
unreasonable, being practically a seizure of the larger
portion of the public walk for the private use of the ap-
pellants, and that such use was practically permanent,
and substantially excluded the public, at all times dur-
ing the business hours of the day, from the use of all of
the sidewalk except the narrow way between the boxes,
barrels, packages and bunches of bananas which were
placed there by the appellants.   The appellants, there-
fore, without authority of law excluded appellee from
all parts of the public sidewalk except the narrow way
which they selected for her use.  They wrongfully forced
her to accept that narrow way as her only means of pas-
sage, and for that reason we think it devolved upon the
appellants as a legal duty to exercise reasonable care to
see that such passageway was kept reasonably safe.   In
*Murphy* v. *Leggett*, decided in the court of last resort in
the State of New York, reported in 58 N. E. Rep. 42, the
like conclusion was reached and the same duty declared
to be obligatory upon an abutter who, by an unreason-
able use of the public walk, compelled a pedestrian to
use a limited portion of the public way.

There was in the case at bar circumstantial but com-
petent proof tending to show that the banana came to be
on the sidewalk by the acts of the appellants or its ser-
vants, but it was not necessary to the submission of the
case to the jury it should have been so proven.   The in-
tervening act of a third person does not necessarily re-
lieve the author of an earlier negligent or wrongful act
from responsibility. (21 Am. & Eng. Ency. of Law,—
2d ed.—492.)   The unreasonable and unjustifiable use of

the public walk by the appellants forced the appellee to walk along the narrow passageway, walled on one side by boxes piled to such a height on the walk that she was unable to see above them, and on the other by boxes and barrels which restricted her course and limited her footsteps. Straw and loose bananas were on the pavement where she was thus compelled to walk. If the banana on which she slipped had not been there she would not have fallen; if the sidewalk had not been obstructed by the appellants she would not have been compelled to walk where the banana was lying. Manifestly, therefore, the presence of the banana on the walk cannot be considered as the sole cause of the injury. The negligent wrongful acts of the appellants contributing to the infliction of the injury were, all of the circumstances of the case being considered, of a nature likely to produce some such injury to passersby. When the intervening cause of an injury is of a nature which could reasonably have been anticipated, the earlier negligent act, if it contributed to the injuries, may be regarded as the proximate cause. (*Armour* v. *Golkowska*, 202 Ill. 144; 21 Am. & Eng. Ency. of Law,—2d ed.—491.) The appellants were engaged in handling unboxed bunches of bananas on the sidewalk. The dropping of a loose banana on that part of the sidewalk whereon the appellants compelled the public to walk was reasonably to be apprehended, as was also the danger that pedestrians would be caused to fall and be injured by stepping on such bananas. The appellants were therefore properly regarded as responsible for a failure to use reasonable care to keep the passageway to which they wrongfully restricted passersby, in a reasonably safe condition.

The judgment is affirmed.

*Judgment affirmed.*