## Michael Torni, by his next friend, Appellee, v. American Car & Foundry Company, Appellant.

1. MASTER AND SERVANT—*who are fellow-servants.* Servants engaged together in the moving of car wheels are fellow-servants as a matter of law.

2. MASTER AND SERVANT—*liability for concurring negligence.* If an injury results from the negligence of the master combined with that of a fellow-servant, and the injury would not have happened had the master observed due care for the safety of the injured servant, the master is liable.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

WISE, McNULTY & KEEFE, for appellant.

N. C. Lyrla, for appellee; Walter Diehm, of counsel.

Mr. Justice Higbee delivered the opinion of the court.

Appellant is engaged in manufacturing cars in Madison county and has a wrecking yard where old cars are received and dismantled. There is a track some four or five hundred feet long in the yard upon which the old cars are brought in. In dismantling the cars it is the custom to first remove the car bed and then all the iron parts, leaving the wheels with axles still on the track. These wheels attached to the axles are then rolled down the track to an anvil or machine for knocking the wheels off. A pair of wheels with an axle would weigh from 1,400 to 1,500 pounds.

Appellee, then seventeen years of age, was on May 8, 1907, and had been for two weeks prior thereto, employed by appellant in wrecking cars, assorting iron and moving wheels on the track to the anvil. It was the custom that two men should be employed in moving each pair of wheels and prior to the date mentioned, appellee had been assisted in so doing by a helper. On a portion of the track on their way to the anvil, the wheels would run by themselves, by gravity, and on other portions they had to be pushed. At the time in question appellee's helper had stepped aside from the work and appellee was waiting for him to return before attempting to move a pair of wheels. Appellee testified that while so waiting his foreman, A. J. McDonald, told him to "hurry up," and when appellee said he was waiting for his partner, the foreman said, "I don't care for your partner, go ahead, push up the wheels." The foreman McDonald denied giving such orders but appellee was corroborated by two other witnesses who said that McDonald used an oath, as he commanded appellee to hurry up. In obedience to this order, as claimed by appellee, he got between the two rails of the track and pushed the

wheels.   When appellee had reached a point about fifteen steps from the anvil, where it was hard for him to move fast on account of a curve in the track, two men who were pushing a pair of wheels rapidly behind him, in some manner let the axle slip out of their hands.   They shouted a warning to appellee but before he could get out of the way, he was struck by the axle attached to the wheels the others had been pushing, and his leg was broken.   He was taken to a hospital some sixteen days after he was injured and remained there twenty-nine days.

Appellee brought suit by Mary Torni his next friend and recovered a judgment for $184.

Appellant's contention is that the verdict is against the weight of the evidence and that the injuries received by Torni were the result of the carelessness or negligence of the two men who were rolling the wheels immediately behind him and that they were fellow-servants with him.   It is evident that the two men who were rolling the wheels, which caused the injury, were fellow-servants of appellee.   It is a well-recognized rule of law however that if the injury resulted from the negligence of the master, combined with that of a fellow-servant, and the injury would not have happened had the master observed due care for the safety of the injured servant, the master is liable.   Armour v. Golkowska, 202 Ill. 144; C. & N. W. Ry. Co. v. Gillison, 173 Ill. 264; Pullman Palace Car Co. v. Laack, 143 Ill. 242.

A preponderance of the evidence shows that the facts connected with the injuries were as above stated to have been claimed by appellee, and warranted the jury in finding that the same would not have occurred but for the negligence of the master, through its foreman McDonald.   The verdict was small as compared with the injuries suffered by appellee.   There is no complaint of the manner in which the case was tried or of the law announced by the court below, and its judgment will be affirmed.

*Affirmed.*