### Anna Loyd, Appellee, v. City of East St. Louis and J. Bohnak, Appellants.

1. HIGHWAYS AND STREETS—*liability of abutter for failure to clean ice and snow from sidewalk.* While the owner of property abutting on a street cannot be forced to keep the sidewalk free from ice and snow, such owner is responsible for a dangerous condition of a sidewalk which is directly occasioned by him.

2. HIGHWAYS AND STREETS—*liability of city for dangerous condition of sidewalk caused by abutter.* A city is liable for a dangerous condition of a sidewalk occasioned by the owner of property abutting on the street when it has notice of such condition or it has continued for such a length of time that it, by the exercise of due care, should have had notice thereof.

3. HIGHWAYS AND STREETS—*liability for personal injuries from ice on sidewalk.* In an action against a city and an abutting property owner for injuries received by plaintiff when she fell on ice

which accumulated on a sidewalk where it appeared that the abutting owner caused water from his roof to be discharged from a spout upon the sidewalk, creating a depression and freezing therein, causing a slippery, dangerous condition for pedestrians, he is liable for the injuries sustained by plaintiff as is also the city which was chargeable with notice of such dangerous condition.

4. HIGHWAYS AND STREETS—*liability for personal injuries from ice on sidewalk as affected by conditions elsewhere.* In an action for injuries received by a pedestrian when she fell upon ice which had been allowed to accumulate in a depression created in the sidewalk by the discharge of water thereon by means of a spout from the roof of abutting property, the fact that the sidewalks in other parts of the city were slippery is immaterial.

Appeal by defendants from the City Court of East St. Louis; the Hon. W. F. BORDERS, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925.

R. V. GUSTIN and McGLYNN & McGLYNN, for appellants.

BEASLEY & ZULLEY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee recovered a judgment for $400 against appellants in the city court of East St. Louis, for injuries sustained by her in falling on an icy sidewalk in front of the property of appellant Bohnak. To reverse said judgment, appellants prosecute this appeal.

The declaration consists of two counts. The first count charges that appellant Bohnak negligently permitted rainwater from a building owned by him to be discharged through spouts upon the sidewalk adjoining his premises, to there accumulate in large quantities, and to freeze and become covered with snow, thereby creating a dangerous condition for pedestrians; that appellant City of East St. Louis had knowledge of said dangerous condition, or with the exercise of due care should have known of the

same, and negligently permitted said sidewalk to remain in such dangerous condition. Said count contained an allegation of the giving of statutory notice to the officers of said city. The second count charged among other things that said city, while exercising supervision and control over the public sidewalks of said city, carelessly permitted a depression to exist and remain for a time in the sidewalk abutting the premises of appellant Bohnak, prior to appellee's injury, and that appellant Bohnak, abutting property owner, negligently permitted water from the spouts on his building to run into said depression and to accumulate in large quantities, etc. Both of said counts aver due care on the part of appellee for her own safety. Separate pleas on the general issue were filed by appellants to said declaration.

The record discloses that on January 4, 1924, appellee, while walking on said sidewalk in front of Bohnak's building, slipped and fell, breaking her wrist and sustaining other injuries.

The ground relied on by appellants for a reversal of said judgment is best stated by quoting from their brief and argument: "It is not claimed that the verdict is excessive if appellee is entitled to recover in this case. We urge on the court the single question that she is not entitled to recover under the admitted facts in this case, as a matter of law, and that the court erred in refusing to grant defendants' peremptory instruction to find them not guilty."

It is the contention of counsel for appellants that neither of them is liable for the slippery condition of the sidewalk in question, for the reason that the evidence tends to show that rain had fallen the night before the day in question and had frozen, making the walks all over said city slippery, and that citizens are under no obligation to keep the sidewalks in front of their premises free from ice and snow, and that a city is likewise not liable for the slipperi-

ness of its sidewalks, occasioned by ice or snow, when such ice or snow does not accumulate in a manner to constitute an obstruction. Numerous authorities were cited by counsel for appellants in support of said proposition, all of which have to do with the relation of a city and a property owner to the general public or pedestrians using sidewalks upon which snow and ice accumulate.

The evidence here is to the effect that the building of appellant Bohnak abutted on the sidewalk where the injury took place; that to the front wall of the building, at the corner thereof, was attached a downspout about three inches in diameter, extending from the roof of the building downward, with an elbow at the lower end, which bent out and extended over the sidewalk; that whenever it rained this spout threw its stream of water directly on the sidewalk, which sidewalk consisted of cinders. The evidence further discloses that the force of the water washed out depressions across said walk, extending at times from the building to the street curb, and these depressions, from time to time, would be filled up by Bohnak.

On the day of appellee's injury, the evidence is to the effect that there was a depression several inches deep and at least a foot wide, extending from the downspout across the cinder sidewalk from about the property line to the curb of said street; that this depression had water in it which had frozen and was covered with a light skift of snow so as to conceal the ice. Appellee testified that it was the ice covered with snow in this depression which caused her to slip and sustain the injury complained of. There is but little dispute as to the material facts in the case. Some of the witnesses differ as to the extent of the slippery condition of the sidewalk on the morning in question, but it is not denied that there was a depression in front of appellant Bohnak's building, which was

frozen over and covered with snow, and that it was there that appellee fell and sustained her injuries.

While our courts have repeatedly held that a city is not liable for the mere slippery condition of its sidewalks, and that an abutting property owner cannot be forced to keep the sidewalk adjoining his property free from ice and snow, as contended by counsel for appellants, still they have also uniformly held that an abutting property owner is responsible for the dangerous condition of a sidewalk abutting his property, which is directly occasioned by him. *Garibaldi & Cuneo v. O'Connor*, 210 Ill. 284; *City of Peoria v. Simpson*, 110 Ill. 294; *King v. Swanson*, 216 Ill. App. 294.

The law also is that a city is likewise liable for such dangerous condition, where it had notice of the same or where the same has continued for such a length of time that such city, by the exercise of due care, should have had notice thereof. *City of Peoria v. Simpson, supra*, 300; *Dracass v. City of Chicago*, 193 Ill. App. 75.

In *King v. Swanson, supra*, the plaintiff had slipped and fallen on an icy sidewalk adjoining the defendant's premises, which had been made slippery by reason of the defendant, who was in the laundry business, dragging his laundry baskets from his building over the walk to the curbing. In that case the defendant contended that he was not liable for an accident due to the mere icy or slippery condition of the sidewalk, since the condition of the sidewalk was not an obstruction to travel. The court there reviewed many of the cases cited by counsel for appellants here, and held that they were not in point. At page 297 the court says: ''We think these cases are not in point. In the instant case the injury was brought about by reason of the fact that defendant used the sidewalk in the conduct of his personal business, and such being the case, he was responsible for

the dangerous condition which he created.'' Citing *Garibaldi & Cuneo v. O'Connor, supra, Mullins v. Siegel-Cooper Co.*, 95 N. Y. App. Div. 234; *Grinage v. McGlinchey*, 62 Pa. Super. Ct. 294; *Reedy v. St. Louis Brewing Ass'n*, 161 Mo. 523.

Inasmuch as the evidence clearly shows that appellant Bohnak collected the water from his roof and drained the same onto the public sidewalk in front of his property, permitting the water to create a depression and to freeze in said depression, causing a slippery, dangerous condition for pedestrians, he is liable for the injury to appellee. We likewise hold appellant City of East St. Louis liable for failing to abate said nuisance, as the evidence shows it knew or had had ample opportunity to have known the condition of said walk, long prior to the time of said accident. This holding is supported by *City of Muncie v. Hey*, 164 Ind. 570, where facts somewhat similar to the facts in this case were involved, and a like holding was made. While it may be true that the walks in other parts of the city were slippery, that is immaterial in view of the fact that the accident actually took place on the ice negligently allowed to accumulate in the depression in said sidewalk, being an entirely different situation from that which generally obtained throughout said city.

Only one instruction, being an instruction with reference to the measure of damages, was given on behalf of appellee. Fourteen instructions were given on behalf of appellants. These instructions were as favorable to appellants as the law would warrant, and as no complaint is made as to the size of the verdict or as to the exercise of due care on the part of appellee, we hold, in view of the foregoing authorities, that the verdict of the jury and the judgment thereon should be affirmed.

*Judgment affirmed.*