## HOLSTLAW v. SOUTHERN RY. CO.
### No. 6179.

United States District Court
E. D. Missouri, E. D.
June 7, 1949.

Cox & Cox, of St. Louis, Mo., for plaintiff.

Fordyce, White, Mayne, Williams & Hartman and Thomas Rowe Schwarz, all of St. Louis, Mo., for defendant.

HULEN, Judge.

Plaintiff filed suit against defendant in the State court on October 7, 1948, seeking damages for injuries sustained as a result of a collision on October 9, 1946, between defendant's train and a car in which plaintiff was a passenger, the accident occurring at a crossing in the State of Illinois. Defendant removed the cause to this court and filed answer on October 29, 1948. The cause was set for trial on June 20, 1949. On May 23, 1949, defendant filed motion for leave to make Albert Holstlaw, driver of the car in which plaintiff was riding, a third party defendant. Argument on motion was heard on May 31, 1949. Plaintiff did not make argument or file brief in opposition to defendant's motion. This does not relieve the Court of its duty

to determine whether defendant's request should be granted. Bull v. Santa Fe Trail Transp. Co., D.C.Neb.1946, 6 F.R.D. 7.

Under Rule 14, Federal Rules of Civil Procedure, as amended, 28 U.S.C.A., the right to bring in a third party defendant must be based on a showing that such party "is or may be liable to him for all or part of the plaintiff's claim against him." Therefore, it is necessary to examine defendant's motion to ascertain whether such is the case.

■ Defendant's motion is based on the ground that the negligence of Albert Holstlaw caused or contributed to the injuries of plaintiff. This must be interpreted as asserting a right of contribution. The cause of action having arisen in Illinois, this right must depend upon Illinois law.

■ I. Where the appropriate state law requires a joint judgment before allowing contribution among joint tort-feasors, a defendant may not join as third party defendant one whom he alleges was a joint tort-feasor with him in the commission of the wrong. Baltimore & Ohio R. Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481; Friend v. Middle Atlantic Transp. Co., 2 Cir., 1946, 153 F.2d 778; Brown v. Cranston, 2 Cir., 1942, 132 F.2d 631, 148 A.L.R. 1178; Hills v. Price, D.C., So.Car.1948, 79 F.Supp. 494.

■ The general rule is that there can be no contribution among joint tort-feasors. Although there are numerous exceptions to this rule, these exceptions do not apply where the parties are guilty of concurrent negligence, or their negligence is of the same character. Union Stockyards Co. of Omaha v. Chicago, etc. R. R. Co., 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed 453, 2 Ann.Cas. 525, cited with approval in John Griffiths & Son Co. v. National Fire-Proofing Co., 310 Ill. 331, 141 N.E. 739, 38 A.L.R. 559; Fidelity & Casualty Co. of New York v. Federal Express, 6 Cir., 1943, 136 F.2d 35.

Defendant cites Farwell v. Becker, 129 Ill. 261, 21 N.E. 792, 6 L.R.A. 400, 16 Am. St.Rep. 267, as establishing an exception to the general rule under Illinois law which would be applicable to this case. An examination of that case shows that it is clearly not applicable here. In that case the court was concerned with contribution among attaching creditors who had shared proceeds realized from the sale of attached goods. The sale was held invalid, and one creditor forced to pay the value of the goods to the parties from whom they had been taken. The court's decision was based upon the fact that the question of title to property was in doubt, the court holding that it was inequitable for one creditor to retain his share of the proceeds while his fellow creditors were forced to respond in damages. There is no analogy here.

No Illinois case has been cited, nor has one been found, holding that negligent tort-feasors are entitled to contribution among themselves. On the other hand there are Illinois cases holding that either tort-feasor may be held responsible for the entire tort. While these are not contribution cases they show the attitude of the courts toward negligent tort-feasors. West Chicago Street R. R. Co. v. Feldstein, 69 Ill. App. 36, affirmed in 169 Ill. 139, 48 N.E. 193; St. Louis Bridge Co. v. Miller, 138 Ill. 465, 28 N.E. 1091.

■ We must conclude, therefore, that under Illinois law the defendant would not be entitled to contribution from Albert Holstlaw. As a result, defendant is unable to show that Albert Holstlaw "is or may be liable to him for all or part of the plaintiff's claim against him", as required by Rule 14(a) of the Rules of Civil Procedure, as amended.

■ Defendant in its argument and memorandum apparently ignores the amended Rule 14(a). The ability or inability of the plaintiff to sue her husband in this case has no application. The right of a defendant under Rule 14, as amended, to bring in a third party is based only upon his ability to state a cause of action in himself against the proposed third party, and for this purpose the status of the plaintiff need not be considered.

■■ II. The right to bring in third parties under Rule 14 is not absolute. The granting of a motion of this kind lies within the sound discretion of the court.

B. & O. R. R. Co. v. Saunders, supra; Bull v. Santa Fe Trail Transp. Co., supra. The remedy provided by Rule 14 should be exercised promptly, and the court will not permit its use to cause or encourage delay in the speedy disposition of cases. Rule 1, Federal Rules of Civil Procedure; United States v. Shuman, D.C. W.Va., 1940, 1 F.R.D. 251. For this reason alone defendant's motion should be denied.