(No. 4528— ▇▇▇▇▇▇▇▇▇▇)

CALVERT FIRE INSURANCE COMPANY, A MARYLAND CORPORATION, AND RUBE DUNBAR, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 26, 1954.*

SNAVELY, MILLER AND MEEHLING, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

Calvert Fire Insurance Company, a Maryland Corporation, and Rube Dunbar, filed their complaint herein, alleging that a certain Hudson automobile,

owned by Dunbar, and insured by Calvert Fire Insurance Company, was damaged by the negligence of a maintenance employee of the Division of Highways.

The amount involved is $153.10, $50.00 of which was paid by Dunbar under the so-called "deductible" clause of the policy, while the Insurance Company has paid the balance of $103.10. The Insurance Company, in turn, received a subrogation receipt from Dunbar for the amount of its payment, and has joined in this proceeding.

The facts of the case are as follows:

On December 15, 1951, at about 10 A.M., Rube Dunbar was driving a new Hudson automobile in a westerly direction on U.S. Route No. 40, at a point about two miles east of Marshall, Illinois. The road was coated with ice, and driving conditions were very hazardous. A State Highway maintenance crew was working on U.S. Route No. 40, spreading cinders mixed with chloride in an effort to correct the icy conditions of the highway.

Dunbar testified that the particular State Highway truck had stopped on the top of a hill, and a man was standing in the bed of the truck shoveling cinders. He further testified that he stopped behind the truck, and, upon receiving an arm motion to proceed, started to pass. When he came abreast of the truck, the employee, later identified as John Gunder, threw a shovelful of cinders on the hood and windshield of his Hudson automobile. He stated that, at the moment of impact, he had started down the hill, and, since there was no place to pull off of the road, he continued for a quarter to a half mile to the crest of the next hill, and then stopped to clean off the car. In either driving on or off the shoulder, the evidence is not clear, he scraped the

right front fender and right side of the car on a post, and lost some of the ornamental trim.

Whether John Gunder, the Highway employee, motioned Dunbar to proceed or not is in dispute, but, in any event, the Court is of the opinion that he was negligent in not looking before he threw cinders into the line of travel.

If the car had gone out of control, and had been damaged immediately after being hit by the cinders, this Court would have no difficulty in finding that the negligent act of the State employee was the proximate cause of the damages, but such was not the case. Dunbar had full control of the car at all times. He was able to see through the windshield, even after turning off the wipers, and he drove it a further distance of a quarter to half mile before stopping.

Two questions are now before the Court:

1. Was there an "intervening efficient cause" that relieves, or mitigates, the State from its negligence?

2. If there was an "intervening efficient cause", was it probable and foreseeable by respondent, so that the State cannot break the casual connection, and thereby relieve itself of responsibility?

The doctrine of intervening efficient cause is set forth in the case of *Johnston* vs. *City of East Moline*, 405 Ill. 460, 91 N.E. (2d) 401.

"An intervening and efficient cause is a new and independent force, which breaks the casual connection between the original wrong and the injury, and itself becomes the direct and immediate cause of the injury. *Pullman Palace Car Co.* vs. *Laack*, 143 Ill. 242, 32 N.E. 285, 18 L.R.A. 215; *Illinois Central Railroad Co.* vs. *Oswald*, 338 Ill. 270, 170 N.E. 247. The intervention of independent concurrent intervening forces will not

break casual connection, if the intervention of such forces was itself probable or foreseeable. *Sycamore Preserve Works* vs. *Chicago & Northwestern Railway Co.*, 366 Ill. 11, 7 N.E. (2d) 740, 111 A.L.R. 1133; *Wintersteen* vs. *National Cooperage & Woodenware Co.*, 361 Ill. 95, 197 N.E. 578; *Garibaldi & Cunco* vs. *O'Connor*, 210 Ill. 284, 71 N.E. 379, 66 L.R.A. 73; *Armour* vs. *Golkowska*, 202 Ill. 144, 66 N.E. 1037."

It may be argued that respondent could reasonably expect that Dunbar would stop his car at the earliest possible moment to inspect and clean his car, thus negativing the rule of "intervening efficient cause". However, the fact remains that Dunbar selected the site to pull off of the highway. He alone had the exclusive opportunity to stop where he did, select a better site, or even drive a short distance further into the Village of Marshall. Nor does it appear from the evidence that the stop was, in fact, an emergency. Dunbar could see through the windshield, and the only reason he turned off the wipers was to prevent a possible scratching of the windshield.

The Court, therefore, finds that the portion of the damage caused by the contact with the post was brought about by an efficient intervening cause, and is not attributable to the original negligence of the respondent.

The evidence further indicates that Dunbar declined to have the scratches on the car repainted, because he didn't want a "touch up" job. Instead he had the whole of the lower portion of the car repainted, whether scratched or not. Since the car was new, the Court finds that this was not unreasonable, and is a proper element of damage.

The repair bill, admitted in evidence, is sufficiently

itemized for the Court to separate the portion of the bill involved in the collision with the post.

Parts_____$60.10

Labor—3½ hours at $3.50_____ 12.25

_____

$72.35

The balance of the bill in the amount of $80.75 is properly chargeable to the negligence of the respondent.

An award is, therefore, made to the claimants in the amount of $80.75.