(No. 5418-)

BETTY JEAN BEARD, A Minor, by LAURA BEARD, her Mother and next friend, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 26, 1970.*
*Petition of Claimant for Rehearing denied October 27, 1971.*

ANSANI, PROVENZANO AND LOUTOS, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY and ETTA J. COLE, Assistant Attorneys General, for Respondent.

Dove, J.

On August 7, 1967, claimant, Betty Jean Beard, a Minor, by Laura Beard, her Mother and Next Friend, filed her complaint seeking damages for injuries received on June 2, 1967.

The facts of the case are as follows:

On or about January 18, 1965, claimant, Betty Jean Beard, was sentenced to the Geneva State Training School for Girls, Geneva, Illinois, as a result of a plea of guilty to a voluntary manslaughter charge. In addition to a regular academic program, the school maintained various laboratory programs and claimant first received instructions in sewing, cooking and food classes, general store, coffee shop. Later, in November, 1966, she was assigned to the meat room of the school.

Inmates, including the claimant, who were assigned to the meat room, were given instructions on hand boning, slicing, packaging, weighing and wrapping of meat, and had the responsibility of maintaining the premises in a clean and sanitary condition. The only machinery in the meat room consisted of an electric cheese slicer, a meat tenderizer and a meat grinder.

The evidence indicates that the meat grinder was operated only by authorized employees, and never by the inmates. Other than the uncorroborated testimony of claimant, which was in direct opposition to the testimony of a number of other witnesses, no evidence was presented that the inmates were instructed to operate the meat grinder,

and more specifically that claimant ever did, but rather the evidence indicates that the inmates were instructed never to operate the meat grinder.

On June 2, 1967, claimant, while attempting to dismantle the meat grinder, turned it on and then off. While the auger in the meat grinder was still revolving, claimant stuck her hand into the mouth of the grinder where it was caught by the auger. There is testimony in the record that in the excitement surrounding the accident, one Evelyn Taylor, an employee of respondent, while attempting to remove claimant's hand from the meat grinder, accidently turned the machine on again. Evelyn Taylor testified that, when she heard Betty scream, she ran over to the meat grinder, and flicked the switch not knowing whether the machine was on or off. Claimant was taken by ambulance to Community Hospital where a portion of her right arm had to be amputated.

Claimant alleges in Count I of her complaint that respondent was negligent in one or more of the following respects:

A. It assigned claimant to work under unsafe conditions.

B. It failed to give claimant proper instructions in the use of the meat grinder, or to warn her of the dangers thereof.

C. It failed to provide adequate or proper safeguards for the meat grinder.

D. It allowed the grinder to be operated without adequate or proper safeguards.

E. It failed to furnish adequate help or assistance or supervision to claimant in the operation of the meat grinder.

F. It failed to inspect and properly maintain the said meat grinder.

G. It failed to provide a hopper on the said grinder so that claimant's arm or hand could not come in contact with the cutting devices.

H. It negligently allowed claimant to use a meat grinding machine, which machine, because of its size and shape in relation to claimant's physical size, was intrinsically dangerous to her.

Claimant alleges in Count II of her complaint that respondent was negligent in one or more of the following respects:

A. It failed to give claimant proper instructions in the use of and the cleaning of the machines in the meat room.

B. It failed to warn claimant of the dangers of the machinery in the meat room.

C. It failed to warn claimant of the danger in cleaning the machines without having all sources of power completely turned off.

D. It allowed claimant to clean the machines, among which was the meat grinder, without an employee of the State of Illinois preparing the machines for cleaning.

E. It failed to clear the floor and table from fats, fatty substances, and meat droppings, and thereby rendered said place slippery to touch and step.

F. It failed through its employees, to inspect the meat grinder when claimant's fingers were caught in the machine.

G. It, through its employee, changed the switch suddenly, without ascertaining if the meat grinder was on or off.

H. It, through its employee, failed to check the condition of the meat grinder and claimant's hand before flicking the switch.

Claimant alleges in Count III of her complaint that respondent was guilty of wilful and wanton conduct in the following instances:

A. It, through its employee, turned on the meat grinder with the claimant's hand in it.

B. It, through its employee, flicked the switch of the meat grinder without ascertaining the condition of claimant's hand.

C. It, through its employee, failed to inspect the meat grinder with claimant's hand in it.

The law in the State of Illinois is clear that, in order for a claimant in a court action to recover damages against the State of Illinois, she must prove that the State of Illinois was negligent, that such negligence was the proximate cause of the injury, and that claimant was in the exercise of due care and caution for her own safety. *McNary* vs. *State of Illinois*, 22 C.C.R. 328, 334; *Bloom* vs. *State of Illinois*, 22 C.C.R. 582, 585.

At the time of the accident claimant was seventeen years old. Illinois law requires a minor over the age of seven years to exercise that degree of care, which a reasonably careful person of the same age, capacity, intelligence and experience would exercise under the same or similar cir-

cumstances. *Wolf* vs. *Budzyn*, 305 Ill. App. 603; *Hartnett* vs. *Boston Store of Chicago*, 265 Ill. 331.

The record indicates that claimant testified that she stuck her hand into the meat grinder in order to push the auger out, and that instead it caught her fingers. Claimant's testimony indicates that she was aware of the fact that the auger was still revolving when she put her hand into the meat grinder.

It is the opinion of this Court, taking into consideration the age and experience of claimant, that she knew or should have known that it was dangerous to place her hand in close proximity to the revolving auger of the meat grinder. Claimant's action was the proximate cause of her injury. *Shannon* vs. *State of Illinois*, 24 C.C.R. 154; *Craven* vs. *Illinois*, 24 C.C.R. 158; *Moe* vs. *State of Illinois*, 23 C.C.R. 14.

It is the opinion of this Court that claimant has failed to introduce any evidence that respondent was guilty of wilful and wanton conduct with respect to Evelyn Taylor's act of turning on the meat grinder while claimant's hand was in the meat grinder.

It appears to this Court that Count II of claimant's complaint raises two questions:

1. Was there an intervening efficient cause that relieves claimant from her own contributory negligence?

2. If there was an intervening efficient cause, was it probable and foreseeable by claimant so that claimant cannot break the causal connection, and thereby relieve herself from her own contributory negligence?

The doctrine of intervening efficient cause is set forth in the case of *Johnston* vs. *City of East Moline*, 405 Ill. 460, 1 N.E. 2d 401. "An intervening and efficient cause is a new and independent force, which breaks the causal connection between the original wrong and the injury, and itself becomes the direct and immediate cause of the injury".

*Pullman Palace Car Company* vs. *Laack*, 143 Ill. 242, 32 N.E. 285; *Illinois Central Railroad Company* vs. *Oswald*, 338 Ill. 270, 170 N.E. 247. The intervention of independent concurrent intervening forces will not break causal connection, if the intervention of such forces was itself probable or foreseeable. *Sycamore Preserve Works* vs. *Chicago and Northwestern Railway Company*, 366 Ill. 11, 7 N.E. 2d 740; *Wintersteen* vs. *National Cooperage and Woodenware Company*, 361 Ill. 95, 197 N.E. 578; *Garibaldi and Cunco* vs. *O'Connor*, 210 Ill. 284, 71 N.E. 379; *Armour* vs. *Golkowska*, 202 Ill. 144, 66 N.E. 1037.

It is the opinion of this Court that, even if the act of Evelyn Taylor of turning on the meat grinder while claimant's hand was in the grinder was to be considered to be an intervening efficient cause it was such an act as was probable and foreseeable by claimant so that the causal connection between the accident in question and the contributory negligence of claimant is not broken.

For the foregoing reasons, it is the opinion of this Court that claimant's contributory negligence was the proximate cause of her injury, and that claimant by reason of her contributory negligence is barred from any recovery in this action. Claimant's claim is hereby denied.